# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com
MKarlan@gibsondunn.com

October 1, 2007



```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/07
```

**MEMO ENDORSED**

Direct Dial
(212) 351-3827

Fax No.
(212) 351-5254

Client No.
C 97763-00016

10/2/07

*Denied. [handwritten notation] ... dismiss or schedule!* [signature]

**VIA FACSIMILE**

Honorable Colleen McMahon
United States District Judge
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Buyers & Renters United to Save Harlem, et al. v. Pinnacle Group NY LLC, et al.*, No. 07 Civ. 6316

Dear Judge McMahon:

We represent defendants Pinnacle Group NY LLC and Joel Wiener in the above-referenced action. As Your Honor will recall, all counsel appeared before you on September 21, and Your Honor ordered plaintiffs' counsel to file a RICO Statement by September 28.

Plaintiffs' 37-page RICO Statement materially alters the scope of the allegations in their First Amended Complaint. It alleges predicate acts based on entirely new violations of federal law (RICO Statement at 15-16), names entirely new enterprise members (*id.* at 24-25), and describes entirely new mailings and communications from defendants to named plaintiffs and to unnamed, putative class members (*id.* at 19-21, 28-29).

Plaintiffs' RICO Statement is, in effect, a request to amend their First Amended Complaint. Because plaintiffs have already amended once, they cannot amend again without leave of Court, which they have not sought and cannot seek without first presenting to the Court a copy of the proposed amendment. Instead of abiding by the requirements of the Federal Rules, plaintiffs seek to circumvent these rules through the submission of a RICO Statement that does not even resemble their First Amended Complaint.

LOS ANGELES NEW YORK WASHINGTON, D.C. SAN FRANCISCO PALO ALTO
LONDON PARIS MUNICH BRUSSELS ORANGE COUNTY CENTURY CITY DALLAS DENVER

## GIBSON, DUNN & CRUTCHER LLP

Honorable Colleen McMahon
October 1, 2007
Page 2

This is improper. "The RICO Case Statement is not conceived to perform the function of an amended complaint." *Biddle Sawyer Corp. v. Charkit Chem. Corp.*, 1991 WL 60369, at *4 (S.D.N.Y. Apr. 2, 1991) (declining, for purposes of motion to dismiss, to consider factual assertions in plaintiff's RICO statement that "[fou]nd no counterparts in the complaint"); *see also Discon Inc. v NYNEX Corp.*, 1992 WL 193683, at *10 (W.D.N.Y. June 23, 1992) (stating that a RICO statement "is not a substitute for a well-pleaded complaint").

The more significant new allegations in the RICO Statement include the following:

- Allegations that defendants committed predicate acts of extortion in violation of 18 U.S.C. § 1951 (*compare* RICO Statement at 15-16 *with* First Amended Complaint ("Complaint") ¶¶ 174-76);

- Allegations that defendants committed predicate acts in violation of the National Stolen Property Act, 18 U.S.C. § 2314 (*compare* RICO Statement at 16 *with* Complaint ¶¶ 174-76);

- Allegations that A. Floyd Lattin, Russell L. Appel, and Frank P. Patafio, as well as seven additional entities never mentioned in the Complaint, were members of the Pinnacle Enterprise (*compare* RICO Statement at 24-25 *with* Complaint ¶¶ 59, 171);

- Listings of numerous communications (including mailings) not described in the First Amended Complaint, both to named plaintiffs, and to other persons (presumably, putative class members) not mentioned in the First Amended Complaint (*compare* RICO Statement at 19-21, 28-29 *with* Complaint ¶¶ 98-146).

Plaintiffs' RICO Statement also compounds the confusion by omitting the 18 U.S.C. § 1343 wire fraud charge alleged in ¶ 174 of the First Amended Complaint, and by excluding from its list of mailings and communications a significant number of mailings described in the First Amended Complaint (*see, e.g.* Complaint ¶¶ 92, 116, 119, 122, 123, 125, 128, 130, 135, 142). Defendants are unable to determine whether the RICO Statement's allegations are meant to supplement or supplant allegations in the First Amended Complaint. These discrepancies are not only confusing, but improper. *See Macomber v. Travelers Prop. Cas. Corp.*, 1999 WL 118005, at *2 (D. Conn. Jan. 28, 1999) ("RICO Case Statements must conform to the amended complaint[ ], and therefore should not include statements contradictory to those set forth in the amended complaints.")

# GIBSON, DUNN & CRUTCHER LLP

Honorable Colleen McMahon
October 1, 2007
Page 3

    We respectfully request that this Court strike plaintiffs' RICO Statement and order plaintiffs to file either (a) a proper RICO Statement that conforms to the First Amended Complaint, or (b) a motion to amend the complaint, attaching, as required by Fed. R. Civ. P. 15(a), a copy of the proposed amendment. In the alternative, we request an additional two weeks — until November 15, 2007 — to file our motion to dismiss.

Respectfully,

*Mitchell A. Karlan / LFS*

Mitchell A. Karlan

MAK/kes
cc:   Richard F. Levy, Esq. (by facsimile)

100410096_2.DOC