

# JENNER&BLOCK

October 5, 2007

Jenner & Block LLP    Chicago
919 Third Avenue     Dallas
37th Floor           New York
New York, NY 10022   Washington, DC
Tel 212-891-1600
www.jenner.com

**VIA FACSIMILE**
212-805-6326

**MEMO ENDORSED**

Richard F. Levy
Tel 212-891-1640
Fax 212-891-1699
rlevy@jenner.com

Hon. Colleen McMahon
United States District Court for
 The Southern District of New York
500 Pearl Street, Suite 640
New York, NY 10007

*[Handwritten endorsement:]* 10/9/07 Let me clarify what I meant. There will be NO discovery until the motion to dismiss is denied. But I will not alter the motion schedule we set because I want it denied PROMPTLY

Re: Buyers & Renters United to Save Harlem, et al. v. Pinnacle Group, LLC, et al.
    No. 07 Civ. 6316

Dear Judge McMahon:

We represent all Plaintiffs in the above captioned action. The letter replies to a letter sent to you by Defendants' counsel yesterday addressing discovery.

Fed. R. Civ. P. 26(d) constrains discovery only "before the parties have conferred as required by Rule 26(f)." Prior to our appearance before you on September 21, 2007, Mr. Karlan and I conferred pursuant to Rule 26(f) and reached agreement on several dates; his September 21 letter to the Court specifically acknowledged that "the first day to serve discovery requests" would therefore be September 21, 2007 -- even though he knew at that time that he would be filing a motion to dismiss on behalf of the Defendants.

*[Handwritten:]* No reply needed

Commencement of discovery on September 21 -- the date allowed by application of the Federal Rules -- is consistent with Mr. Karlan's representation to you at the status hearing that his clients would suffer grievous harm from adverse publicity if there were any delay in discovery or trial. He repeated his concern that delay in commencing and completing discovery would harm his client in at least two emails to us. In one, dated September 21, he went so far as to say that delay in completing discovery "is harming not just the defendants but many members of the class you wish and purport to represent."

Mr. Karlan now reverses field and states his view that, because Your Honor declined to enter a case management plan for completing discovery, Your Honor implicitly stayed the commencement of discovery. I do not recall Your Honor stating that discovery could not *commence*. Nor did Mr. Karlan ask for a stay. Of course, no such stay appears in the Order that Your Honor issued following the status hearing.

Hon. Colleen McMahon
October 5, 2007
Page 2

    Your Honor did order us to file a RICO Statement by September 28, which we have done. One purpose of a RICO Statement is to flesh out the factual support for a RICO claim, and our RICO Statement contains information that we were able to obtain without discovery. But we anticipate that there is much relevant information about the Defendants' operations to which have no access outside the discovery process.

    We have commenced discovery as the Federal Rules provide. We did so after the date that the parties expressly agreed -- and Defendants' counsel correctly advised the Court -- would be the date on which discovery could commence. We saw no Order barring that, and we request that we be permitted to continue. As recently as yesterday, Mr. Karlan requested that we provide dates for the plaintiffs' depositions in October and we agreed to do so. We are prepared to proceed reasonably and diligently on a mutual basis.

    Based on the Court ordered briefing schedule for Defendants' Motion to Dismiss, granting Defendants' request would postpone commencement of discovery at least until the end of the year. That would indeed be damaging to the Plaintiff, and according to Mr. Karlan, to his clients as well.

                                                           Respectfully,

                                                           Richard F. Levy

cc:    Mitchell Karlan
        (via facsimile - 212-351-5254)
RFL:jzs

12541_1