IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUYERS AND RENTERS UNITED TO SAVE HARLEM; and, | ) ) ) |
| MARJORIE and THEODORE CHARRON; ANTHONY CASASNOVAS; KAREN FLANNAGAN; ANDRES MARES-MURO; TRACEY MOORE; RAYMOND ANDREW STAHL-DAVID; RUSSELL TAYLOR; DIANE TRUMMER, and KIM POWELL, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) No. 07 CIV 6316 (CM) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| PINNACLE GROUP NY LLC; PINNACLE GROUP, LLC; and JOEL WIENER, | ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
A SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs, Buyers and Renters United to Save Harlem ("BRUSH") and Marjorie and Theodore Charron, Anthony Casasnovas, Karen Flannagan, Andres Mares-Muro, Tracey Moore, Raymond Andrew Stahl-David, Russell Taylor, Diane Trummer, and Kim Powell, individually and on behalf of all others similarly situated (the "Individual Plaintiffs," and collectively with BRUSH, the "Plaintiffs"), move, pursuant to Fed. R. Civ. P. 15, for leave to file their Second Amended Class Action Complaint, a copy of which is attached as Exhibit A. In support of their motion, Plaintiffs state as follows:

    A.    <u>Procedural Posture</u>

On July 11, 2007, Plaintiffs filed their Complaint against Pinnacle Group LLC and Joel Wiener. The Complaint alleged violations of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and the New York Consumer Protection Act, New York General Business Law § 349.

On September 14, 2007, Plaintiffs filed a First Amended Complaint. That complaint included class action allegations and named Pinnacle Group NY LLC as a defendant.

On September 21, 2007, the Court ordered Plaintiffs to file a RICO Case Statement. Plaintiffs did so on September 28, 2007. Defendants are required to file their motion to dismiss on November 1, 2007. Discovery has not yet commenced, pending adjudication of Defendants' anticipated motion to dismiss.

B.  Nature of Amendment

Plaintiffs seek leave to file their Second Amended Complaint principally to (i) more fully incorporate material set forth in their RICO Case Statement and (ii) allege additional facts that have come to light since the filing of the First Amended Complaint. The proposed amendment also removes a previously named and unserved Defendant (Pinnacle Group, LLC) and includes additional editing for clarity.[1]

Plaintiffs believe that a Second Amended Class Action Complaint that integrates allegations from the RICO case statement will assist the parties and the Court in briefing and deciding Defendants' anticipated motion to dismiss. Moreover, after the filing of the First Amended Complaint, Defendants have learned important new facts that bear on Defendants'

---

[1]   Remaining corporate Defendant Pinnacle Group NY, LLC apparently has self-referenced itself informally as Pinnacle Group, LLC. Although Defendants' business interests largely are non-public, such that only limited information is available, counsel for Defendants have represented that Pinnacle Group, LLC is a misnomer.

alleged violations of law.  Plaintiffs therefore seek leave to amend in order to include allegations setting forth material newly-discovered facts.[2]

Examples of the kind of new or updated allegations included in the proposed Second Amended Class Action Complaint include:

- That Defendants have committed additional RICO predicate acts of extortion, in violation of 18 U.S.C. § 1951, and violations of the National Stolen Property Act § 1341.  (*See* Exh. A, Plaintiffs' proposed Second Amended Class Action Complaint at ¶¶ 8, 9, 59-60, 94-95, 98-100, 110-11, 120, 182.)

- Updated and expanded allegations describing the make-up and relationships among members of the Pinnacle Enterprise, based in part upon "red herrings" and offering memoranda prepared for the condominium conversion of Pinnacle apartment buildings, which Plaintiffs recently received in response to a FOIL request directed to the New York State Attorney General.  (*See id.* at ¶¶ 47, 178.)

- Updated allegations setting forth events that occurred subsequent to the filing of the First Amended Complaint, particularly with respect to Pinnacle's conduct directed toward the Individual Plaintiffs.  (*Id.* at ¶¶ 123.)

- Newly discovered facts evidencing Defendants' concealment of their legal violations and Defendants' fraudulent intent, including allegations that Defendants knowingly have provided false and misleading information to an independent auditor retained pursuant to an agreement between Defendants and the New York State Attorney General to verify the basis of certain rent amounts charged by Defendants.  (*See id.* at ¶¶ 8, 84-88.)

C.  Reasons for Allowing Amendment

Plaintiffs' motion should be granted because (1) doing so would not cause undue delay, (2) Plaintiffs' motive is not abusive or dilatory, and (3) Defendants will not be prejudiced.

Leave to amend a complaint should be freely granted. *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) (citing Fed. R. Civ. P. 15(a)).  Though allowing an amendment rests within the discretion of the trial judge, "there must be good reason to deny the motion."  *Id.* Reasons for denying an amendment, such as "'[u]ndue delay . . . dilatory motive on the part of

---

[2]    For the most part, the newly discovered information came from (i) third parties who contacted Plaintiffs after learning of this lawsuit from press coverage, and (ii) from responses to FOIL requests made before, but received after, the filing of the First Amended Complaint.

the movant . . . [and] undue prejudice to the opposing party'"[3] simply are not present in this case. Plaintiffs' motion for leave to amend therefore meets the requirements for a permissive amendment.

First, this lawsuit is still in its earliest stage. Defendants have not yet filed responsive pleadings or their anticipated motion to dismiss. No discovery has taken place. Allowing the amendment would not cause any substantial disruption that might unduly delay the resolution of this action. *See Computech Int'l v. Compaq Computer Corp.*, No. 02-2628, 2002 U.S. Dist LEXIS 20307, at *14 (S.D.N.Y. Oct. 28, 2002) (finding it appropriate to allow leave to amend when the case was still in its early stages and no discovery had occurred). (Attached as Exhibit B.)

Second, the Plaintiffs' proposed amendment does not arise from any dilatory motive and will not substantially delay adjudication of this matter. The purpose of Plaintiffs' proposed amendment principally is to assist the parties and the Court in adjudicating the motion to dismiss by including material from Plaintiffs' RICO case statement in the operative pleading, and to incorporate newly-discovered material that could not have been earlier pleaded. Because Defendants have not yet filed any responsive pleadings or their motion to dismiss, any added burden the amendment might cause would be minimal. *See AMA v. United Healthcare Corp.*, No. 00-2800, 2006 U.S. Dist. LEXIS 93864, at *20 (S.D.N.Y. Dec. 29, 2006) (even though amending a complaint to add a RICO claim placed some additional burden on the defendant, the amendment took place at a "relatively early stage" and "courts have consistently held that such

---

[3] *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d. Cir. 2002), *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962).

- 5 -

burden does not constitute impermissible prejudice") (internal citations and quotations omitted). (Attached as Exhibit C.)

Finally, Defendants themselves requested that Plaintiffs be required to amend their Complaint to more fully include the material set forth in Plaintiffs' RICO Statement. Because the proposed Second Amended Complaint meets objections first raised by Defendants, granting this motion will not cause Defendants any undue prejudice.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs leave to file their Second Amended Class Action Complaint.

Dated:  October 15, 2007

Respectfully submitted,

BUYERS AND RENTERS UNITED TO SAVE HARLEM, MARJORIE and THEODORE CHARRON, KAREN FLANNAGAN, ANDRES MARES-MURO, TRACEY MOORE, RAYMOND ANDREW STAHL-DAVID, RUSSELL TAYLOR, DIANE TRUMMER, and KIM POWELL

By: _____s/Richard F. Levy_____

   Richard F. Levy (RL-9825)
   Jeremy M. Creelan (JC-3222)
   Chinh Q. Le (CL-9036)
   Carletta F. Higginson (CH-6491)
   JENNER & BLOCK LLP
   919 Third Avenue, 37th Floor
   New York, NY  10022-3908
   (212) 891-1600
   (212) 891-1699 facsimile

*Of counsel:*

   C. Steven Tomashefsky
   Andrew A. Jacobson
   JENNER & BLOCK LLP
   330 North Wabash Avenue
   Chicago, IL  60611
   (312) 222-9350
   (312) 587-0484 facsimile

**CERTIFICATE OF SERVICE**

I, Richard F. Levy, an attorney, hereby certify that on this 15th day of October, 2007, I caused true and correct copies of the foregoing *Plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint and Exhibits thereto* to be served upon the following individual in the following manners:

<u>Via E-Mail and ECF:</u>

Mitchell A. Karlan
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-3827
Fax: (212) 351-5254
E-Mail: MKarlan@gibsondunn.com
*Counsel for Defendants.*

                                                     __s/ Richard F. Levy_____