UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
BUYERS AND RENTERS UNITED TO SAVE  :   07 Civ. 06316 (CM)
HARLEM, et al.,                    :
                                   :
    Plaintiff,       :
                                   :
 -against-                     :
                                   :
PINNACLE GROUP NY LLC, et al.,     :
                                   :
    Defendants.      :
                                   x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## **DECLARATION OF NILES WELIKSON**

  Pursuant to 28 U.S.C. § 1746, I, Niles Welikson, under penalty of perjury, declare as follows:

  1. I am a member of Horing Welikson & Rosen P.C., which firm has represented the entities 706 Realty Co. LLC, 3657 Realty Co. LLC, 635 Riverside LLC, 509 Realty Co. LLC, 516 Realty NY LLC, Pinnacle Hamilton NY LLC, and 680 Realty Co. LLC in various tenant-related actions. I am admitted to practice before the courts of the State of New York and the Southern District of New York.

  2. I make this declaration in support of Pinnacle Group NY LLC's and Joel Wiener's Motion to Dismiss the above-captioned action. The matters stated herein are based on my personal knowledge and on my review of the exhibits attached hereto.

  3. To the best of my knowledge, none of the plaintiffs in this action have ever brought a Division of Housing and Community Renewal (the "DHCR") harassment action against defendants or defendants' alleged affiliates.

4. To the best of my knowledge, defendants and defendants' alleged affiliates have never been subject to a DHCR determination of harassment.

5. On November 19, 2003, the DHCR Office of Rent Administration issued an Order and Opinion denying Marjorie Charron's Petition for Administrative Review. This Order upheld an August 26, 2003 DHCR opinion setting the fair market rent for her apartment at $1,684.52. A true and correct copy of this Order is attached hereto as Exhibit A.

6. On May 31, 2005, the New York State Supreme Court for the County of New York entered a Decision and Judgment against Ms. Charron. The Decision denied Ms. Charron's Article 78 petition challenging an October 15, 2004 DHCR final determination setting the fair market rent for her apartment at $1,684.52. A true and correct copy of the Decision is attached hereto as Exhibit B.

7. On February 6, 2006, the DHCR issued an Order and Opinion modifying prior orders relating to Ms. Charron's apartment. The Order reversed two prior DHCR decisions against her in light of an unrelated 2004 decision that suggested a different interpretation of the applicable regulations. It set the fair market rent for her apartment at $1,337.09, effective June 1, 2001. It directed Ms. Charron's landlord, 706 Realty Co. LLC, to pay $10,778.74 in excess rent for the period between June 1, 2001 and May 31, 2003. A true and correct copy of the Order is attached hereto as Exhibit C.

8. On June 19, 2007, in satisfaction of the above Order, 706 Realty Co. LLC tendered to Ms. Charron two checks in the amounts of $21,171.21 and $8,709.16. Ms. Charron did not cash these checks, electing instead to pursue her case in New York Supreme Court and in the above-captioned Federal RICO action. A true and correct copy of these checks is attached hereto as Exhibit D.

9. On July 18, 2007, Anthony Casasnovas and 3657 Realty Co. LLC entered a Stipulation of Settlement in the Civil Court of the City of New York. The Settlement provided that Mr. Casasnovas would receive a two year lease in the amount of $1,586.00, commencing August 1, 2007 and expiring July 31, 2009. It also stipulated that the legal regulated rent on Mr. Casasnovas' unit was $1,586.00 as of May 1, 2005, and that Mr. Casasnovas would tender $9,500.00 to 3657 Realty Co. LLC by July 24, 2007, in satisfaction of his rent arrears. A true and correct copy of the Settlement is attached hereto as Exhibit E. A true and correct copy of a typewritten version of the Settlement is attached hereto as Exhibit F.

10. 706 Realty Co., LLC, the landlord of the building in which Karen Flannagan currently resides, filed suit against Ms. Flannagan in Housing Court after she failed to provide documentation establishing her residency in the subject apartment for the requisite two years.

11. On April 26, 2006, Karen Flannagan and 706 Realty Co. LLC entered a Stipulation of Settlement in the Civil Court of the City of New York. The Settlement gave Ms. Flannagan succession rights to her apartment in exchange for payment of $1,477.60, which represented rent due through April 2006. A true and correct copy of the Stipulation is attached hereto as Exhibit G.

12. On January 6, 2007, Tracey Moore and 509 Realty Co. LLC entered a Stipulation of Settlement in the Civil Court of the City of New York. The Settlement provided that 509 Realty Co. LLC would issue Ms. Moore a rental credit in the amount of $5625.66. It also stipulated that the legal regulated rent on Ms. Moore's apartment would be $1308.53 going forward. A true and correct copy of the Stipulation is attached hereto as Exhibit H.

13. On March 24, 2007, Ms. Moore signed a two-year renewal lease for her apartment. The lease set monthly rent for her apartment at $1308.61, which represented the

monthly rent ordered by the DHCR on January 6, 2007.  A true and correct copy of the lease is attached hereto as Exhibit I.

14.     Raymond Andrew Stahl-David's original lease was signed in September 2005 with a landlord unrelated to defendants or the building's current landlord, 516 Realty N.Y. LLC.

15.     The prior tenant in Mr. Stahl-David's unit paid $1750.00 per month.  A true and correct copy of the prior tenant's renewal offer lease, which reflects the amount that tenant paid in monthly rent in 2004-2005, is attached hereto as Exhibit J.

16.     On July 20, 2007, the DHCR Office of Rent Administration issued an Order Finding Rent Overcharge on Raymond Andrew Stahl-David's apartment.  The Order set Mr. Stahl-David's new monthly rent at $534.29, because his landlord had failed to respond to the complaint.  516 Realty N.Y. LLC was unable to respond because the prior landlord did not provide it with rental records for the unit.  A true and correct copy of the Order is attached hereto as Exhibit K.

17.     516 Realty N.Y. LLC appealed the above DHCR ruling through a Petition for Administrative Review.

18.     On November 8, 2007, Mr. Stahl-David and 516 Realty NY LLC reached an agreement in principle in settlement of the rent overcharge dispute, stipulating that 516 Realty NY LLC would pay $60,000 in satisfaction of Mr. Stahl-David's claims.  A true and correct copy of the proposed settlement agreement is attached hereto as Exhibit L.  A true and correct copy of an email from Mr. Stahl-David's attorney, Richard Levy, confirming the settlement agreement is attached hereto as Exhibit M.

19.     The building in which Russell Taylor currently resides was owned by a landlord unrelated to defendants or the building's current landlord, Pinnacle Hamilton LLC, until

September 2005.  Between 2000 and 2006, the tenant of record for the unit currently occupied by Mr. Taylor was Saidah Nash.  At no point did the prior landlord add Mr. Taylor's name to the lease.

20. On April 26, 2006, Donna Fabrizio, on behalf of Pinnacle Hamilton LLC, emailed Mr. Taylor a letter informing him that Pinnacle Hamilton LLC had discontinued its holdover proceeding against Saidah Nash, the Tenant of Record of the apartment occupied by Mr. Taylor.  The letter also informed Mr. Taylor that the records had been adjusted to list him as the Tenant of Record.  On May 2, 2006, Horing Welikson and Rosen P.C. formalized these items in a Notice of Discontinuance filed with the Civil Court of the City of New York.  A true and correct copy of this letter is attached hereto as Exhibit N.  A true and correct copy of the Notice of Discontinuance is attached hereto as Exhibit O.

21. On March 24, 2005, the DHCR Office of Rent Administration issued an Order denying Diane Trummer's Fair Market Rent Appeal.  The Order concluded that Ms. Trummer had not been overcharged rent for her apartment.  A true and correct copy of the Order is attached hereto as Exhibit P.

22. On May 22, 2005, Ms. Trummer sent a letter to her landlord, 680 Realty Co., LLC, complaining of noise from a neighboring apartment in her building.  This letter indicated that she had been experiencing noise issues for at least two weeks.  A true and correct copy of the letter is attached hereto as Exhibit Q.

23. On November 3, 2006, the DHCR Office of Rent Administration issued an Order Restoring Rent on Ms. Trummer's apartment.  The Order concluded that fire damage to Ms. Trummer's apartment had been corrected, and that therefore, her reduced rent payments of $1 per month were no longer warranted.  It also noted that both parties had confirmed that Ms.

Trummer had resumed occupancy of her apartment in November 2005. The Order restored rent for Ms. Trummer's apartment effective November 7, 2005. A true and correct copy of the Order is attached hereto as Exhibit R.

24.     On September 12, 2007, Margaret Powell and 706 Realty Co., LLC entered a Stipulation of Settlement in the Civil Court of the City of New York. In this Stipulation, Ms. Powell admitted the allegations contained in Part 1 of a Ten-Day Notice of Termination filed against her by 706 Realty Co., LLC on December 28, 2006 . Part 1 of the Notice of Termination stated that she had committed acts of vandalism in the elevator at 706 Riverside Drive on six separate occasions. These acts of vandalism included defacing the walls of the elevator with marker, nail polish, and spray paint, and placing nail polish on the elevator tracks in an attempt to interfere with the working mechanism of the elevator. Part 1 of the Notice of Termination also stated that Ms. Powell was arrested in connection with these events on or about December 7, 2006, and attached a copy of the arrest report. A true and correct copy of the Stipulation of Settlement is attached hereto as Exhibit S. A true and correct copy of the Notice of Termination is attached hereto as Exhibit T.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at New York, New York this fifteenth day of November, 2007.

By:_____
    Niles Welikson

11 Hillside Avenue
Williston Park, New York 11596
Tel. (516) 535-1700
Fax. (516) 535-1701

100321410_4.DOC