# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 46

---

In the Matter of the Application of
MARJORIE CHARRON,
706 Riverside Drive/Apartment 6C
New York, NY 10031
(917) 287-3393
Petitioner, Pro Se

Index No. 117357/04

**DECISION AND JUDGMENT**

- against -

PAUL A. ROLDAN,
Deputy Commissioner, State of New York
Division of Housing and Community Renewal
Office of Rent Administration
Counsel's Office
25 Beaver Street/Room 707
New York, NY 10004
(212) 480-6700
(Respondent)

ELIOT SPITZER,
Attorney General of the State of New York
120 Broadway/24th Floor
New York, NY 10271
(212) 416-8000
(Respondent)

and

706 Realty Co., LLC,

Respondent-Intervenor.

---

Nicholas Figueroa, J.:

Petitioner seeks to reverse and annul the October 15, 2004 final determination by respondent, Division of Housing and Community Renewal (DHCR) denying petitioner's Petition for Administrative Review (PAR), and affirming the decision by its Rent Administrator establishing the fair market rental (FMR) for petitioner's rent stabilized apartment at $1,684.52

1

monthly.

Although petitioner names New York State Attorney General Eliot Spitzer as a respondent, she raises no allegation against him and fails to demonstrate how he was involved in the challenged administrative decision. Therefore, the court assumes that petitioner, who proceeds *pro se*, named him in error.

By prior order, the court granted petitioner's landlord, 706 Realty Co., LLC (the landlord), permission to intervene as a respondent and to answer the petition.

Subsequent to DHCR's answer, petitioner filed what she characterizes an "Amendment to Proceedings Affidavit". The document is apparently an amended petition in which petitioner seeks to raise allegations that the rent she challenged in the administrative proceeding is based on the rent level of an illegal apartment; therefore, the latter rental may not be used as a comparable rent.

Petitioner did not seek leave to serve an amended petition. As the amended petition contains matters *dehors* the record allowing the amendment would prejudice respondents' rights (cf. *Matter of McIntosh v. State*, 7 AD3rd 890). Moreover, the illegality argument is already raised in the petition. Therefore, the court will not consider the amended petition.

Petitioner, in her July 18, 2002 rent overcharge complaint to DHCR, alleged that her lease for her six room, two bathroom apartment, dated June 5, 2001, required her to pay an excessive monthly rental of $1900. The landlord explained that petitioner was the first tenant to take occupancy after the previous, rent controlled tenant vacated. Therefore, DHCR converted the overcharge complaint to a Fair Market Rent Appeal and instructed the owner to submit comparable apartment rents in petitioner's building, to be used in calculating the FMR.

The landlord submitted rents for three apartments: 1C, 7C, and 8E. DHCR rejected the

latter two units because the initial occupancy dates for 7C was subsequent to the initial occupancy date of petitioner's apartment and the tenant in 8E was challenging its rent; only an unchallenged rent may be used as a comparable rent. DHCR calculated petitioner's FMR, based on the rent for 1-C, using the criteria in its Special Guideline 32.

DHCR adjusted the apartment's 2000 rent of $413.79 by an additional 150%, resulting in a rent of $1,034.48. DHCR noted that the rent for a seven room apartment in the subject building was $1,029.34. The rent for apartment 1C, the comparable unit, was $1,300. Averaging the rents, as the guidelines permit, DHCR calculated the FMR as $1,164.67. However, DHCR adjusted that amount based on 1/40th of $6,794, based on improvements the owner made to petitioner's apartment, while it was vacant. This resulted in an addition to the FMR of $169.85, for a total of $1,334.52. DHCR sent the parties written notice of its calculations.

Subsequently, DHCR sent the parties another written notice modifying its calculations, based on the correct rent amounts. The new calculation resulted in an FMR of $1,684.52.

Petitioner responded to the notices, requesting that additional apartments, 2C, 3C, 4C, 8C, 9C, and 10C be used as comparable apartments.

DHCR's Rent Administrator, in an August 26, 2003 order, established the FMR as $1,684.52. The Rent Administrator found that the lease for the comparable apartment, 1C, was $2,000, but that the owner was collecting a preferential rent of $1,300; therefore, the former figure was used in calculating the FMR. Moreover, the Rent Administrator found that the owner had collected excess rent and directed it to refund $2,069.58 to petitioner.

Petitioner challenged the rent Administrator's order in a September 30, 2003 PAR. She asserted that the proper rent for the comparable apartment was the preferential rent of $1,300, not $2,000, as the former was the rent the prior tenant actually paid. She also argued that the average of the comparables was unrealistically high. She contended that the FMR should have been the

3

special guidelines amount of $1,034.48, plus the $169.85 improvement increase, for a total of $1,204.33.

DHCR's Commissioner denied the PAR on November 19, 2003. The Commissioner explained that under DHCR's new FMR procedures, if the comparable apartment is an unregulated one, the comparable rent is averaged with the special guidelines amount. The Commissioner found that the legal rent for the comparable apartment was $2,000, and that there had been no complaint challenging that amount.

The Commissioner further noted that, pursuant to Rent Stabilization Code §2520.11, the $2,000 monthly rental for the comparable apartment was unregulated. Therefore, Rent Stabilization Code §2520.11 and under DHCR procedures, the FMR is determined by averaging the $2,000 figure with the special guidelines amount of $1,034.48. The average amount, together with the improvement addition, was $1,687.09; however, the Commissioner found that the proper rent was $1,684.52, the amount determined by the Rent Administrator. The Commissioner used the lower amount to avoid penalizing petitioner for having bought the PAR.

Petitioner challenged the PAR in an Article 78 proceeding in Supreme Court. In a judgment dated May 17, 2004, the court remanded the proceeding to DHCR, on its cross motion, so that it "could produce a determination susceptible of intelligent judicial review." The determination appealed from in this proceeding, made after remand, adhered to the Rent Administrator's August 26, 2003 determination.

The Commissioner noted that Rent Stabilization Code §2522.3 was amended in December, 2000, in order to modify the comparability standards and the procedures for calculations on FMR. The amendment was necessary because there was a substantial decrease in the number of rent controlled apartments that became rent stabilized apartments. This decrease caused a decrease in the number of apartments whose rents could be used as comparables under

4

the prior standards.

The Commissioner started that the Rent Stabilization Law's goal was to provide for an orderly transition from rent regulation to free market rents. These latter rents must not be either unconscionably high or so low that they bear no relationship to the rental market.

The new guidelines establish a fair market rent at the greater of the Special Guidelines amount and the rent for a comparable unit in the same building, usually the highest rent for a comparable apartment. Because the comparable rental is for an apartment that had gone from the restricted rent level of rent control to rent stabilization, the latter rental must be considered fair if it has not been successfully challenged. In order to avoid imposing an unconscionably high rent on a tenant, DHCR uses an averaging process when the comparable apartment, as in this case, has become unregulated.

The Commissioner acknowledged that DHCR's computation method established the upper limit on what constitutes a fair rent. He noted that while there may be similar apartments whose rents are lower than the one used as a comparable, the higher rent is used because it is the basis for lowering the rent agreed to by the tenant and landlord. Thus, the tenant receives a lower rent while the landlord is not penalized by the imposition of the lowest possible rent.

The standard of review of an administrative decision is whether that determination was arbitrary and capricious; the court will affirm an administrative determination if the agency acted rationally (see *Pell v. Board of Education*, 34 NY2d 222, 231).

As this court recently held, DHCR's method of calculating an FMR, based on the rent of a comparable apartment, even if the comparable rent is the highest rent among similar apartments, is rational (*Matter of Chen v. State Division of Housing and Community Renewal*, Sup.Ct. N.Y.Co., Figueroa, J., January 2, 2005). DHCR, in the PAR appealed from, provided a rational explanation of why it used the highest comparable rent: to avoid unfair treatment of

5

either the landlord or tenant. Thus, DHCR acted lawfully in rejecting petitioner's request to use a lower rent as a comparable one.

The court notes that petitioner asserted, in an attempt to re-open the administrative proceeding, subsequent to the PAR's denial, that apartment 1C, the comparable apartment, was an illegal apartment because the owner did not obtain a certificate of occupancy subsequent to making alternations. Petitioner asserted that this constituted fraudulent conduct by the landlord, warranting reconsideration of the PAR's denial.

DHCR rejected petitioner's argument; the court will not interfere with that determination. DHCR calculated the rent based on the uncontested rent for apartment 1C at the time it became deregulated. That rent was not fraudulently calculated. Neither the absence of a certificate of occupancy nor the landlord's alterations of apartment 1C have any logical or legal bearing on its use as a comparable rent.

Nor is there any merit to the argument that the proper rent for apartment 1C should have been the preferential rent of $1,300, rather than the lawful maximum rent level of $2,000. By definition, a preferential rent is lower than the lawful rent a landlord may charge. The preferential rent is an accommodation given to a prior tenant, and does not affect the lawful maximum rent a landlord may charge for an apartment.

Accordingly, it is

ADJUDGED that the petition is denied and the proceeding dismissed.

This constitutes the decision and judgment of the court.

Dated: May 31, 2005

ENTER

J.S.C.

FILED
JUN 29 2005
COUNTY CLERK'S OFFICE
NEW YORK

6