**Exhibit C**

STATE OF NEW YORK
DIVISION OF HOUSING AND COMMUNITY RENEWAL
OFFICE OF RENT ADMINISTRATION
GERTZ PLAZA
92-31 UNION HALL STREET
JAMAICA, NEW YORK 11433

------------------------------X SJR NO.: 2232
IN THE MATTER OF THE ADMINISTRATIVE : ADMINISTRATIVE REVIEW
APPEAL OF                        DOCKET NO.: TK410008RP
                                 (SF410025RP, RI410062RT)


                               : RENT ADMINISTRATOR'S
                                 DOCKET NO.: QG410003TC
Marjorie Charron

                               : OWNER: 706 Realty Co.,
                                 LLC

            PETITIONER
------------------------------X :

<u>ORDER AND OPINION MODIFYING COMMISSIONER'S PRIOR ORDER AND
OPINION AFTER COURT REMIT</u>


This proceeding was commenced by the filing of a fair
market rent appeal by the tenant concerning the housing
accommodation known as 706 Riverside Drive, Apartment 6C,
New York, NY.  The tenant took occupancy of the subject
apartment pursuant to a lease commencing on June 1, 2001 at
a rent of $1,900.00 per month.

The history of this proceeding is recited in the
Commissioner's prior orders issued on November 19, 2003 and
October 15, 2004.  By order issued on August 26, 2003, the
Rent Administrator adjusted the initial legal regulated
rent by establishing a fair market rent of $1,684.52 per
month effective June 1, 2001, the commencement date of the
initial rent stabilized lease.  In his prior orders, the
Commissioner affirmed the Rent Administrator's
determination of the fair market rent for the subject
apartment using the rent of $2,000.00 per month for
Apartment 1C in the subject building for comparability
purposes, rather than the rent of $1,500.00 actually paid
by the tenant of that apartment.

The tenant filed an Article 78 proceeding challenging the
Commissioner's last order.  The case was remitted to the

1

TK410008RP

agency to correct an error in the calculation of the tenant's lawful rent, specifically, the use of an incorrect rent for comparable Apartment 1C.

Subsequent to the court remit, by submission dated November 23, 2005, the tenant challenged the use of Apartment 1C as a comparable apartment based the alleged submission of false and misleading information by the owner. The tenant's arguments will not be considered as the proceeding has been remanded to the agency solely for the purpose of recalculating the fair market rent using the correct rent for Apartment 1C. It is noted that the tenant's arguments were raised in a request for reconsideration that was denied by the agency on December 9, 2004 and that the court in its May 31, 2005 order in the tenant's Article 78 proceeding declined to disturb that determination.

By submission dated January 24, 2006, the owner asserted that the use of the unchallenged legal rent of $2,000.00 for Apartment 1C, rather than the $1,300.00 rent actually paid by the tenant, was correct.

Pursuant to current fair market rent appeal procedures, the fair market rent is established at the greater of the special guidelines amount and the rent for a comparable rent stabilized apartment. Where the proffered comparable is an unregulated apartment, the rent for the comparable apartment is averaged with the special guidelines amount.

Upon reconsideration, the Commissioner finds that the rent of $1,300.00 for Apartment 1C, rather than the rent of $2,000.00 should have been used in the calculation of the fair market rent for the subject apartment. The lease for Apartment 1C that was in effect when the complainant tenant took occupancy of the subject apartment commenced on December 1, 2000 and listed both a rent of $2,000.00 and a preferential rent of $1,300.00 that was actually paid by the tenant. Pursuant to Section 2520.11(r)(4 of the Rent Stabilization Code, Apartment 1C became vacancy deregulated upon execution of a lease for a rent of $2,000.00 or more after June 19, 1997. The execution of the lease stating a legal rent in the amount of $2,000.00 upon a vacancy was sufficient to deregulate Apartment 1C where the tenant of that apartment never challenged the legal rent. Once an

TK410008RP

apartment has become deregulated, the concept of a "preferential" rent no longer has any application for comparability purposes in a fair market rent appeal since the rent charged is an unregulated market rent. There was no legal regulated rent in effect for Apartment 1C commencing December 1, 2000. The only rent for Apartment 1C commencing December 1, 2000 was the unregulated market rent of $1,300.00 that was actually paid by the tenant of that apartment. The Commissioner therefore finds that the actual market rent of $1,300 for Apartment 1C that was in effect when the complainant tenant took occupancy of the subject apartment on June 1, 2001 should be used in calculating the fair market rent for the subject apartment.

The fair market rent is determined by averaging the special fair market rent guidelines amount of $1,034.48 with the $1,300.00 unregulated rent for Apartment 1C and adding the increase of $169.85 for apartment improvements. This results in a fair market rent of $1,337.09 for the subject apartment effective June 1, 2001.

As indicated on the attached rent calculation chart, the total amount of excess rent due the tenant through May 31, 2003 is $10,778.74.

The owner is directed to refund or fully credit against future rents over a period not exceeding six months from the date of receipt of this order, the excess rent for which the owner is liable pursuant to this order and opinion.

In the event the owner does not take appropriate action to comply within sixty (60) days from the date of issuance of this order, the tenant may credit the excess rent owed by the owner pursuant to this order and opinion against the next month(s) rent until fully offset.

THEREFORE, in accordance with the provisions of the Rent Stabilization Law and Code, it is

**TK410008RP**

ORDERED, that the Commissioner's prior order and opinion be, and the same hereby is, modified in accordance with this order and opinion.

ISSUED:    FEB 0 6 2006

PAUL A. ROLDAN
Deputy Commissioner

Premises: 706 Riverside Drive

Apt. : 6C

Docket Nos.: TK410008RP

## RENT CALCULATION CHART

Excess Rent (through 5/31/03)          $11,188.08

Excess Security                       + $ 481.62

Refund                                − $ 890.96

Total Excess Rent                       $10,778.74

| Tenant's Name | Lease Term From | To | Actual Rent Charged | Effective Date of Change | Explanation | Lawful Stabilized Rent | Excess Rent |
|---|---|---|---|---|---|---|---|
| Marjorie Charron | 6/1/01 | 5/31/02 | $1,900.00 | 6/1/01 | Fair Market Rent | $1,337.09 | $562.91 x 1 month= $562.91 |
| | | | $1,520.00 | 7/1/01 | New Rent Payment Period | $1,337.09 | $182.91 x 1 month= $182.91 |
| | | | $1,900.00 | 8/1/01 | New Rent Payment Period | $1,337.09 | $562.91 x 8 months= $4,503.28 |
| | | | $1,903.60 | 4/1/02 | New Rent Payment Period | $1,337.09 | $566.51 x 1 month= $566.51 |
| | | | $1,796.40 | 5/1/02 | New Rent Payment Period | $1,337.09 | $459.31 x 1 month= $459.31 |
| | 6/1/02 | 5/31/03 | $1,800.00 | 6/1/02 | Guideline 33 - $1,337.09 + 4% for a one year renewal lease | $1,390.57 | $409.43 x 12 months= $4,913.16 |
| | 6/1/03 | 5/31/04 | | 6/1/03 | Guideline 34 - $1,390.57 + 2% for a one year renewal lease | $1,418.38 | |