UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BUYERS AND RENTERS UNITED TO SAVE HARLEM; and

MARJORIE and THEODORE CHARRON; ANTHONY CASANOVAS; KAREN FLANNAGAN; ANDRES MARES-MURO; TRACEY MOORE; RAYMOND-ANDREW STAHL-DAVID; RUSSELL TAYLOR; DIANE TRUMMER, and KIM POWELL, on behalf of themselves and all others similarly situated,

        Plaintiffs,

 v.

PINNACLE GROUP NY LLC and JOEL WIENER,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 1:07-cv-06316-CM

**DECLARATION OF MITCHELL POSILKIN IN SUPPORT OF MOTION BY THE RENT STABILIZATION ASSOCIATION OF NEW YORK CITY FOR LEAVE TO APPEAR AS *AMICUS CURIAE***

  Pursuant to 28 U.S.C. § 1746, I, Mitchell Posilkin, Esq., under penalty of perjury, declare as follows:

  1. I am an attorney and general counsel for the Rent Stabilization Association of New York City (the "RSA"). I am admitted to practice before the courts of the State of New York.

  2. I make this declaration in support of the RSA's motion for leave to appear as *amicus curiae*. The matters stated herein are based on my personal knowledge, and on my experience as general counsel of the RSA.

3.  A true and correct copy of the Proposed Memorandum of Law of *Amicus Curiae* Rent Stabilization Association of New York City In Support of Defendants' Motion to Dismiss is attached hereto as Exhibit A ("Amicus Brief").

4.  The RSA is an association of residential rental property owners and agents in New York City. Its purpose is to provide leadership and services to its members, assisting them in navigating the rules and regulations of New York's rental market. The RSA is well-known for its involvement in every aspect of the complex system governing residential rental property in New York, from administrative regulations to judicial advocacy to lobbying on behalf of the interests of property owners.

5.  The RSA is often called upon to participate in significant discussions of housing policy and to provide advice to property owners, government officials and others regarding significant matters affecting the state of housing in the City of New York. It has appeared as *amicus curiae* in numerous cases where New York City rental regulations and housing policies are at issue.

6.  The RSA respectfully requests to submit this brief to further the Court's knowledge and understanding of the size, scope, impact and sufficiency of this system. In doing so, the RSA hopes to provide this Court with relevant background information on the issues underlying this action, and to inform the Court of the potential consequences of the relief Plaintiffs seek.

7.  Plaintiffs' counsel has not consented to the RSA's appearance as *amicus curiae* in the above-captioned action. However, this consent is not strictly required under federal law.

8.  Although there is no formal rule of civil procedure governing the participation of an *amicus curiae* in motions pending before a district court, district courts have broad discretion

to permit *amici* to appear. *See Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (*citing United States v. Ahmed*, 788 F. Supp. 196, 198 n. 1 (S.D.N.Y.1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992)). A court may grant leave to appear as an *amicus* if the information offered is timely and useful. *Andersen v. Leavitt,* 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007).

9. Appearance as an *amicus* is appropriate when the *amicus* is able to "offer insights not available from the parties," thereby aiding the court. *Citizens Against Gambling*, 471 F. Supp. 2d at 311 (agreeing to consider *amicus* brief submitted in support of motion to dismiss); *Andersen*, 2007 WL 2343672, at *2 (agreeing to consider *amicus* brief submitted in support of motion for summary judgment). Such appearance is particularly appropriate where the underlying issues are exceptionally complex, and insight from the *amicus* would usefully inform the court in deciding the motion. *See Weininger v. Castro*, 418 F. Supp. 2d 553, 554-555 (S.D.N.Y. 2006) (granting leave to file *amicus* brief where underlying law and policy issues were "exceptionally complex").

10. The RSA is qualified to be an *amicus curiae* under these standards because the RSA is familiar with the workings of the New York City Housing Courts, the Division of Housing and Community Renewal, the Department of Housing Preservation and Development, and other organizations whose multitudes of laws and policies form the backdrop of the instant action.

11. Plaintiffs' allegations—and undoubtedly Defendants' responses to those allegations—will require specific knowledge of the complicated context in which these allegations occur. Such knowledge will inform the Court's decision. As a third party with a

thorough knowledge of this area of law and policy, the RSA is well-suited to distill and translate the complexity of the residential real estate landscape and provide guidance to this Court.

12. Additionally, "participation as *amicus curiae* . . . is appropriate when the party cares only about the legal principles of the case, and has no personal, legally protectable interest in the outcome of the litigation." *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999). It is undisputed that the RSA has no personal involvement or interest in the individual disputes between these Plaintiffs and the Defendants. The RSA does, however, have an interest in protecting the sovereignty of the system of residential real estate regulation as it currently exists in New York City, and in ensuring a fair process of dispute resolution between landlords and tenants.

13. The outcome of the instant motion may have extreme consequences for both tenants and landlords. The relief Plaintiffs seek, if granted, would establish a new federal remedy for aggrieved tenants, displacing the comprehensive system of state and local remedies that already exists. Such relief would simultaneously burden this and other federal courts with matters better left to New York City and State.

14. The RSA is concerned only that the right forum be used to decide this dispute, and that there be no abuse of the system. The RSA wishes only to fulfill "[t]he primary role of the amicus," and "assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell*, 74 F. Supp. 2d at 351.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at New York, New York this fifteenth day of November, 2007.

MITCHELL POSILKIN

By: _____
Mitchell Posilkin