**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| BUYERS AND RENTERS UNITED TO SAVE HARLEM; and, | ) ) ) | |
| MARJORIE and THEODORE CHARRON; ANTHONY CASASNOVAS; KAREN FLANNAGAN; ANDRES MARES-MURO; TRACEY MOORE; RAYMOND ANDREW STAHL-DAVID; RUSSELL TAYLOR; DIANE TRUMMER, and KIM POWELL, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) | No. 07 CIV 6316 (CM) |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| PINNACLE GROUP NY LLC and JOEL WIENER, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO
MOTION OF RENT STABILIZATION ASSOCIATION OF NEW YORK CITY
FOR LEAVE TO APPEAR AS *AMICUS CURIAE* AND TO FILE PROPOSED
<u>MEMORANDUM OF LAW</u>**

Plaintiffs, by their counsel, oppose the Motion of Rent Stabilization Association of New York City (RSA) for leave to appear as *amicus curiae* and file a Proposed Memorandum of Law filed by RSA on November 15, 2007.

**I.      <u>Factual and Procedural History</u>**

On November 15, 2007, Defendants Pinnacle Group NY LLC ("Pinnacle") and Joel Wiener filed their Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Rules 12(b)(1), 12(b)(6) and Rule 9 of the Federal Rules of Civil Procedure.

1

On the same day, RSA filed its Motion for Leave to Appear as *Amicus Curiae*, together with a 16-page document styled as a proposed "Memorandum of Law," which is not a memorandum of law, but is a personalized panegyric to Pinnacle and Mr. Wiener, delivering extravagant praise of Defendants' activities, and assuming to assure the Court that Defendants are not "bad landlords," Proposed Mem. at 10, and that they are not "'slumlords.'" *Id*.  The Proposed Memorandum goes on to assure the Court that based on a factual "context" offered in the Proposed Memorandum, *id*. at 3, Defendants' illegal acts as alleged in the Second Amended Complaint "fall well below the norm in the industry, " *id*. at 13, that "Defendants compare favorably" to other landlords, *id.*, and that certain allegations by Plaintiffs are "ludicrous." *Id*.

RSA's Proposed Memorandum is really just an attempt to put the Defendants' version of facts, opinions, and arguments before this Court at the pleading stage.  Examples include the following:

- Proposed Mem. at 10 (presenting data from NYU Furman Center for Real Estate and Urban Policy on number of violations across boroughs);

- Proposed Mem. at 11 (offering RSA's computations of housing violations per unit in specific buildings);

- Proposed Mem. at 12 (offering "current numbers" on code violations and arguing that the numbers "represent remarkable progress" by Pinnacle);

- Proposed Mem. at 13 (presenting and comparing data on lawsuits by landlords).

These and other alleged facts and opinions are surrounded by a few pages describing the housing and rent control laws in New York City, *see* Mem. at 2-10.  Aside from RSA's factual allegations, the remainder of the Proposed Memorandum is a rehash of information concerning New York rental law which is already set forth in largely undisputed terms in the Second Amended Complaint, (*see, e.g.* Second Amended Compl. ¶¶ 1-40) and in the Defendants' memorandum in support of their motion (*see e.g.* Defs.' Mem., pp. 2-8).   Repetition of such

13711.1

hornbook descriptions of undisputed matters by an *amicus* is not necessary or appropriate. The Proposed Memorandum is an attempt to dispute the factual allegations of the Second Amended Complaint -- long before the time provided in the Federal Rules for resolving such disputes. Rule 12(b)(6) forbids consideration of matters outside the pleadings, even when presented by potential *amici,* and so RSA's arguments regarding the merits of the case, its factual allegations, and its opinions must be excluded at the pleading stage.

### II.      RSA Fails to Meet the Standard for Permitting *Amicus Curiae* Briefs and Participation

Unlike the Federal Rules of Appellate Procedure and the Supreme Court Rules, the Federal Rules of Civil Procedure do not provide for *amicus* briefs. Nevertheless, district courts occasionally permit them in appropriate circumstances. This is not one of them. The principle governing permitting *amicus* briefs and participation is:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.

*Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (citations omitted)).   The Proposed Memorandum does not accord with any aspect of this test, particularly at the pleading stage. Defendants have representation in this case, and presumably no one would contend that Defendants' counsel, Gibson Dunn & Crutcher, is not competent to represent them in this matter.

In any event, *none* of the cases cited by RSA in support of its motion as cases in which RSA participated as *amicus* involved a Fed. R. Civ. P. 12(b)(6) motion to dismiss -- and RSA

13711.1

does not cite to various cases in which leave for it to proceed as *amicus* has been denied.  *E.g.*

*Measom v. Greenwich & Perry St. Hous. Corp.*, No. 1310, 2000 N.Y. LEXIS 3909 (N.Y. 2000);

*Matter of Badem Bldgs v. Abrams*, No. 396, 1987 N.Y. LEXIS 15414 (N.Y. 1987).

### III.   Even if RSA is Permitted by the Court to Participate as Amicus, The Factual Assertions and Opinions Included in its Memorandum of Law Must Be Excluded to Comply with the Second Circuit's Interpretation of Rule 12(b)(6)

With respect to RSA's factual allegations and opinions in its Proposed Memorandum (for

example, that Defendants are not "lawbreaking landlords," Proposed Mem. at 1), it is sufficient

to say that we are at the pleading stage.  The proposed amicus brief is in support of a 12(b)(6)

motion and it is black-letter law that matters outside the pleadings are to be excluded.  *See* Fed.

R. Civ. P. 12(b)(6) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of

the pleading to state a claim upon which relief can be granted, matters outside the pleading are

presented to and not excluded by the court, the motion shall be treated as one for summary

judgment  . . . .").  This subject will be addressed at greater length in Plaintiffs' Response to

Defendants' Motion to Dismiss.

The Second Circuit has "strictly enforced" Rule 12(b)(6)'s mandate that matters outside

the pleadings be excluded when ruling on a motion to dismiss.  *Friedl v. City of New York*, 210

F.3d 79, 83 (2d Cir. 2000).  "[W]henever there is a 'legitimate possibility' that the district court

relied on material outside the complaint in ruling on the motion" the District Court will be

reversed.  *Id.* (quoting *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999)).  A district court errs

when it "relies on factual allegations contained in legal briefs or memoranda in ruling on a

12(b)(6) motion to dismiss." *Id.*  at 83-84 (citing *Fonte v. Bd. of Managers of Cont'l Towers

Condominium*, 848 F.2d 24, 25 (2d Cir. 1988)).  The same is true when the Court "'makes a

13711.1

connection not established by the complaint alone' or contains an 'unexplained reference' that 'raises the possibility that it improperly relied on matters outside the pleading in granting the defendant's Rule 12(b) motion.'" *Id*. at 84 (quoting *Fonte*, 848 F.2d at 25).  Thus the attempt by RSA to dispute the facts (and the import of such facts) alleged in the Second Amended Complaint by introducing facts outside the pleadings is simply not permitted.  As stated by the Second Circuit in *Global Network Communications., Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006), "not only did the district court consider external material in its ruling, it relied on those materials to make a finding of fact that *controverted* the plaintiff's own factual assertions set out in its complaint. At the pleadings stage this was error." *Id*. at 156 (citation omitted) (emphasis in original); *see also Friedl,* 210 F.3d at 84-85 (same).  The Second Circuit's practice has been no different when the fact is included in a memorandum of law.  *See Fonte,* 848 F.2d at 25 (district court erred in dismissing complaint after drawing conclusion from fact alleged in memorandum opposing motion to dismiss).

IV.    **Conclusion**

For the reasons set forth above, Plaintiffs request that RSA's motion be denied and that

its Proposed Memorandum be excluded from the record.

Dated:  November 30, 2007                    Respectfully submitted,

                                             BUYERS AND RENTERS UNITED TO SAVE
                                             HARLEM, MARJORIE and THEODORE
                                             CHARRON, KAREN FLANNAGAN,
                                             ANDRES MARES-MURO, TRACEY
                                             MOORE, RAYMOND ANDREW STAHL-
                                             DAVID, RUSSELL TAYLOR, DIANE
                                             TRUMMER, and KIM POWELL

                                             By:  _s/Richard F. Levy_____

                                                  Richard F. Levy
                                                  Jeremy M. Creelan
                                                  Chinh Q. Le
                                                  Carletta F. Higginson
                                                  Luke P. McLoughlin
                                                  JENNER & BLOCK LLP
                                                  919 Third Avenue, 37th Floor
                                                  New York, NY  10022-3908
                                                  (212) 891-1600
                                                  (212) 891-1699 facsimile

*Of counsel:*

     C. Steven Tomashefsky
     Andrew A. Jacobson
     JENNER & BLOCK LLP
     330 North Wabash Avenue
     Chicago, IL  60611
     (312) 222-9350
     (312) 587-0484 facsimile

13711.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2007 I served the foregoing **OPPOSITION**  upon the following counsel via e-mail and the ECF filing system:

**Mitchell Alan Karlan**
Gibson, Dunn & Crutcher LLP (NYC)
200 Park Avenue, 48th Floor
New York, NY 10166
212-351-3827
Fax: 212-351-5254
Email: mkarlan@gibsondunn.com
*Attorney for Defendants.*

**Vivian Shevitz**
Vivian Shevitz, Attorney At Law
46 Truesdale Lake Drive
South Salem, NY 10590
914-763-2122
Fax: 914-763-2322
Email: vivian@shevitzlaw.com
*Attorney for Proposed Amicus Curiae.*

Respectfully submitted,

BUYERS AND RENTERS UNITED TO SAVE
HARLEM, MARJORIE and THEODORE
CHARRON, KAREN FLANNAGAN,
ANDRES MARES-MURO, TRACEY
MOORE, RAYMOND ANDREW STAHL-
DAVID, RUSSELL TAYLOR, DIANE
TRUMMER, and KIM POWELL

By: _____ s/ Richard F. Levy_____
          *Attorney for Plaintiffs.*