IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
CHARRONS et al.,                             )
                                             )     No. 1:07-cv-6316-CM
                      Plaintiffs,            )
                                             )
        v.                                   )
                                             )     **[REDACTED VERSION]**
PINNACLE GROUP NY LLC and                    )
JOEL WIENER,                                 )
                                             )
                      Defendants.            )
_____)


# PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
# THEIR MOTION FOR CLASS CERTIFICATION

                              JENNER & BLOCK LLP
                              919 Third Avenue
                              37th Floor
                              New York, New York 10022-3908
                              Telephone:    (212) 891-1600
                              Facsimile:    (212) 891-1699

                              *Attorneys for Plaintiffs*

*Of counsel:*
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Telephone:    (312) 222-9350
Facsimile:    (312) 527-0484


August 14, 2009

**TABLE OF CONTENTS**

**Introduction** ............................................................................................................................... 1

**Analysis** ..................................................................................................................................... 3

**I.    Plaintiffs Have Satisfied All Of The Requirements Of Rule 23(a).** ............................. 3

    **A.**   **Defendants Are Wrong To Suggest That The Core Elements Of RICO And The NYCPA Are Not Common To The Entire Class.** ............................... 3

    **B.**   **Defendants' Typicality Arguments Are Unavailing.** .......................................... 4

    **C.**   **Defendants Wrongly Ignore Evidence Clearly Proving Numerosity.** ............... 6

    **D.**   **Defendants' Claim That The Class Is Not Ascertainable Is Without Merit.** ..................................................................................................................... 7

**II.   Plaintiffs Also Satisfy The Requirements Of Rule 23(b) And 23(c)(4).** ...................... 7

    **A.**   **Defendants Fail To Establish That Certification Under Rule 23(b)(2) Is Inappropriate.** ................................................................................................... 7

    **B.**   **Contrary to Defendants' Claims, Predominance Under Rule 23(b)(3) Does Not Require Uniformity In Injury or Damages.** ......................................... 9

    **C.**   **Defendants' Challenge To Rule 23(c)(4) Certification Should Be Rejected.** ................................................................................................................ 9

**Conclusion** ............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bridge v. Phoenix Bond & Indem. Co.*,
  128 S. Ct. 2131 (2008)......................................................................................................5

*Brown v. Kelly*,
  244 F.R.D. 222 (S.D.N.Y. 2007) ....................................................................................4, 7

*Carnegie v. Household Int'l, Inc.*,
  376 F.3d 656 (7th Cir. 2004) ............................................................................................10

*City of New York v. Smokes-Spirits.com, Inc.*,
  541 F.3d 425 (2d Cir. 2008)................................................................................................6

*Comer v. Cisneros*,
  37 F.3d 775 (2d Cir. 1994)..................................................................................................8

*Farez-Espinoza v. Napolitano*,
  08 Civ. 11060 (HB), 2009 U.S. Dist. LEXIS 35392 (S.D.N.Y. Apr. 27, 2009).................8

*Heerwagen v. Clear Channel Communs.*,
  435 F. 3d 219 (2d Cir. 2006)............................................................................................2, 7

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
  209 F.R.D. 323 (S.D.N.Y. 2002) .......................................................................................7

*In re Visa Check, 280 F.3d*,
  280 F.3d 124 (2d Cir 2001).................................................................................................2

*In re Zyprexa Prods. Liab. Litig.*,
  253 F.R.D. 69 (E.D.N.Y. 2008)..........................................................................................5

*Jermyn v. Best Buy Stores, L.P.*,
  256 F.R.D. 418 (S.D.N.Y. 2009) (McMahon, J.) ..................................................3-4, 6, 7, 9

*Karvaly v. Ebay, Inc.*,
  245 F.R.D. 71 (E.D.N.Y. 2007).........................................................................................5

*Marisol A. by Forbes v. Giuliani*,
  929 F. Supp. 662 (S.D.N.Y. 1996).....................................................................................6

*McCall v. Drive Financial Services, L.P.*,
   236 F.R.D. 246 (E.D. Pa. 2006)..................................................................................................7

*McLaughlin v. Am. Tobacco Co.*,
   522 F.3d 215 (2d Cir. 2008).......................................................................................................9

*Monahan v. New York City Dep't of Corrections*,
   214 F.3d 275 (2d Cir. 2000).......................................................................................................4

*Noble v. 93 University Place Corp.*,
   224 F.R.D. 330 (S.D.N.Y. 2004) ...............................................................................................7

*Sims* v. *Bank of Am. Corp,*
   No. 06-CV-5991 (CPS) (JMA), 2008 WL 479988 (E.D.N.Y. Feb. 19, 2008) ..........................5

*Trautz v. Weisman*,
   846 F. Supp. 1160 (S.D.N.Y. 1994)...........................................................................................4

*Williams v. Mohawk Indus.*,
   568 F.3d 1350 (11th Cir. 2009) .................................................................................................3


**STATUTES**

18 U.S.C. § 1961(4) ........................................................................................................................3

NYC Civ. Ct. Act § 110(a) .............................................................................................................4



**RULES**

Rule 23(b)(2)................................................................................................................................7, 8

Rule 23(b)(3)................................................................................................................................7, 9

Rule 23(c)(4)............................................................................................................................. 9-10

Rule 26(a).........................................................................................................................................2



**TREATISES**

5 Moore's Federal Practice § 23.24 ................................................................................................4

Plaintiffs, by and through counsel, respectfully submit their reply in support of their motion for class certification.

## Introduction

Defendants' repeated strategy in their opposition brief is to posture as if this case is nothing more than a series of landlord-tenant complaints that depend on facts specific to each tenant. That is not so. As the facts below make clear, this case concerns an overarching fraud against both Pinnacle's tenants and government regulators in violation of RICO and the NYCPA.

Plaintiffs bring this class action to end Defendants' fraudulent scheme of demanding and collecting rents in amounts beyond those permitted under New York State law, with the goal of illegally increasing regulated rents and/or evicting tenants entitled to rent regulation. Unwilling to see their profits limited by compliance with New York's rent regulation laws, Defendants have: misrepresented the cost of renovations and capital improvements (subclass 1); misrepresented the tenants' legal base rent (subclass 2); misrepresented tenants' entitlement to succession rights (subclass 3); and misrepresented tenants' rent payment status in order to commence baseless eviction proceedings (subclass 4).

Notwithstanding Defendants' stonewalling, Plaintiffs have already adduced significant proof of Defendants' systemic fraud, including: 1) ███████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████; 2) that Pinnacle has initiated dispossession actions against approximately 5000 of its 20,000 tenants;[1] 3) ███████████████████████████

---

[1] ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████

Case 1:07-cv-06316-CM-RLE   Document 80   Filed 08/14/09   Page 6 of 15

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████;[2]  4) ████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████; 5) ████████████████████████████████████

██████████████████████████████████████████████

████████; and 6) that Pinnacle engages in a pattern of filing baseless eviction suits, fails to comply with DHCR judgments, and retaliates against those who take action against it.  (*See Mem.*, at 3-5.)

Given both the class-wide evidence listed above and the fact that the determinants of Defendants' liability will be the same for each class member, the best and most superior way to resolve this dispute is either through full or partial certification of a class on the merits.

██████████████████████████████████████████████

██████████████████████████████████████████████

████████.  But these assertions (and the other inaccurate statements ████████████ ████████████████), should be ignored, as "a district court may not weigh conflicting expert evidence or engage in 'statistical dueling'" at the class certification stage.  *In re Visa Check*, 280 F.3d 134, 135 (2d Cir 2001).  Whether such frequent initiation of eviction proceedings is probative of a fraudulent scheme is a merits question at the heart of Plaintiffs' case and is accordingly for the jury to decide.  *Heerwagen v. Clear Channel Commc'ns.*, 435 F.3d 219, 230 (2d Cir. 2006).

---

[2] *See* ████████████████████████.

2

## Analysis

**I.      Plaintiffs Have Satisfied All of the Requirements of Rule 23(a).**

     **A.      Defendants Are Wrong To Suggest That The Core Elements of RICO and the NYCPA Are Not Common to the Entire Class.**

Defendants first take the erroneous position that commonality cannot be present here because "no unifying thread exists" among the Named Plaintiffs. (Resp., at 15.) Defendants are wrong. The Named Plaintiffs each accuse the Defendants of conducting a common, fraudulent scheme in violation of the NYCPA and RICO, and thus the central determinants of liability will be identical as to each and every class member. Among other things, all class members will be required to prove *first*, that the Pinnacle Enterprise as identified in the Second Amended Complaint is an enterprise within the meaning of 18 U.S.C. § 1961(4); *second,* that the Defendants conducted the Pinnacle Enterprise; and *third*, that the Defendants engaged in a pattern of racketeering activity, by committing two predicate acts of mail fraud, extortion, or violation of the National Property Act. (Mem., at 10-11.)

Contrary to Defendants' claims, all of these issues are best addressed on a class-wide basis. Indeed, as the Eleventh Circuit recently stated, "RICO claims are not simply individual allegations of underpayments lumped together, and the allegation of an official corporate policy or conspiracy is not simply a piece of circumstantial evidence being used to support such individual underpayment claims." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350 (11th Cir. 2009). Rather, "the very gravamen of the RICO claims is the 'pattern of racketeering activities' and the existence of a national conspiracy . . . . [T]hese very facts constitute essential elements of each plaintiff's RICO claims." *Id.*

Any differences in the manner in which each class member has been targeted by the Defendants' scheme do not defeat commonality. As in *Jermyn v. Best Buy,* 256 F.R.D. 418

3

(2009) (McMahon, J.), where customers made various purchases at different times, places, and locations but were all victims of an undisclosed corporate policy, thus satisfying commonality, this requirement is met here as all class members have been subjected to Pinnacle's policy of evading rent regulations laws, the result of which has already led to the Attorney General's monitoring and more than $ 1 million being returned to tenants.

### B.     Defendants' Typicality Arguments Are Unavailing.

Defendants also raise a variety of arguments in a futile attempt to demonstrate that typicality is not present here.  As set forth below, none of their arguments have any merit.

First, Defendants argue that Plaintiffs' claims will be dominated by individualized evidence. (Resp., at 8.)  This argument fails.  Liability in this RICO and NYCPA case depends upon the existence of the overarching fraudulent scheme alleged – and not the specific ways in which Defendants' conduct of that scheme has injured each class member.  *See Brown v. Kelly*, 244 F.R.D. 222, 232 (S.D.N.Y. 2007) ("Typicality is determined by the nature of the claims brought by the class representatives, not by the particular fact patterns from which they arose.").

Second, Defendants also raise the specious contention that issues relating to preclusion frustrate typicality. (Resp., at 11.)  There is no claim preclusion here.  Claim preclusion requires that the claims at issue "were, or could have been, raised in the prior action."  *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).  The Named Plaintiffs' RICO and NYCPA claims could not have been litigated in Housing Court or before the DHCR, as they are forums with limited jurisdiction.  *See* NYC Civ. Ct. Act § 110(a); 9 N.Y. Codes R. & Regs. § 2527.1.

Third, Defendants assert that typicality is not met because Named Plaintiffs' claims involve differing kinds of injury. (Resp., at 11-12.)  Defendants, again, are wrong.  Under RICO, that there are varying types and degrees of injury between class members is irrelevant. *Trautz v.*

4

*Weisman*, 846 F. Supp. 1160, 1167 (S.D.N.Y. 1994).  Almost all of the Named Plaintiffs allege that they have suffered monetary injury as a result of being overcharged by Defendants and defending against baseless evictions proceedings.  Such injuries are cognizable under RICO and the NYCPA and thus make these plaintiffs appropriate representatives for absent class members seeking money damages.  All Named Plaintiffs seek injunctive relief.  As such, Named Plaintiffs' interests align with those of absent class members seeking both injunctive and damages relief.  The cases put forward by the Defendants are not to the contrary.  In both *Sims* v. *Bank of Am. Corp,* No. 06-CV-5991, 2008 WL 479988 (E.D.N.Y. Feb. 19, 2008), and *Karvaly v. Ebay, Inc.,* 245 F.R.D. 71 (E.D.N.Y. 2007), the Named Plaintiffs themselves sought ***only*** one type of relief while claiming more than one type of relief on behalf of the class.  That is not the case here.

Third, Defendants argue that typicality cannot be satisfied absent proof of reliance. (Resp., at 13.)  But as the Supreme Court recently held, "a plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing proximate causation, that it relied on the defendant's alleged misrepresentations." *Bridge v. Phoenix Bond & Indem. Co.*, 128 S. Ct. 2131, 2145 (2008).  Where the RICO claim is predicated in part on a mail fraud, as here, "the person who suffered the loss need not be the one to whom the fraudulent words were directed." *In re Zyprexa Prods. Liab. Litig*., 253 F.R.D. 69, 190 (E.D.N.Y. 2008).  Here, the Pinnacle Enterprise made fraudulent representations about improvements not only to plaintiffs, who did in some instances directly rely on them, but also to government agencies such as the DHCR, which rely on landlord-submitted information in annually registering legal rent amounts.  *See* http://www.dhcr.state.ny.us/Rent/faqs.htm (describing the annual rent registration requirement for owners of rent-stabilized apartments).

5

Although this Court in rejecting Defendants' motion to dismiss has already found that Plaintiffs adequately pleaded direct reliance and causation under RICO, a showing at trial of third-party reliance by the DHCR and other government agencies on the Pinnacle Enterprise's fraudulent submissions will also satisfy RICO's causation requirements. *See City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 444 n. 24 (2d Cir. 2008).

### C. Defendants Wrongly Ignore Evidence Clearly Proving Numerosity.

Regarding numerosity, Defendants have misconstrued the record in order to try to demonstrate a purported "absence of evidence" on this issue. (Resp., at 3.) Defendants are wrong. Evidence already developed shows that: 1) the Pinnacle Enterprise owns and controls more than 400 multi-tenant building; 2) the Pinnacle Enterprise has initiated dispossession actions against at least 5,000 of its 20,000 tenants; and 3) ███████████████████████████████████████████████████████████████████████████████████████████████. (*See* Mem., at 3-4; Resp., ███████████████████████.) These facts establish not only the numerosity of the whole class, but most emphatically the numerosity of subclasses 1, 2 and 4. Although Defendants assert that succession disputes alleged as to subclass 3 are "rare," they nonetheless admit that "less than ██" are currently pending. (Resp., at 4.) Extrapolating over the five-year class period (beginning in July 2004), this is a substantial number. More to the point, as this Court has noted, "Plaintiff[s] need not prove the exact number of class members; [they] only need[] to show that the class is so numerous that the joinder of all potential plaintiffs would be difficult or inconvenient." *Jermyn*, 256 F.R.D. at 428. "[T]he courts are empowered to 'make common sense assumptions' to support a finding of numerosity.'" *Marisol A. by Forbes v. Giuliani*, 929 F. Supp. 662, 689 (S.D.N.Y. 1996) (citation omitted).

### D. Defendants' Claim That The Class Is Not Ascertainable Is Without Merit.

Defendants finally take the erroneous position that certification cannot be granted because the subclasses are defined with reference to Defendants' unlawful practices. (Resp., at 15.) To the contrary, "certification is routinely granted where the proposed class definition relies in part on the consideration of defendants' alleged liability." *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 341-42 (S.D.N.Y. 2004). Instead, the proposed subclass definitions only need be defined by objective criteria and limited to those persons actually injured by the defendants. *See Jermyn*, 256 F.R.D. at 432-33. Moreover, as this case progresses, the class and subclass definitions may be modified as the Court finds appropriate. *Heerwagen*, 435 F.3d at 232.[3]

## II. Plaintiffs Also Satisfy The Requirements Of Rule 23(b) and 23(c)(4).

### A. Defendants Fail To Establish That Certification Under Rule 23(b)(2) Is Inappropriate.

Defendants raise several arguments in a futile effort to demonstrate that class-based injunctive relief is inappropriate here, none of which have any merit. Defendants first argue that certification under Rule 23(b)(2) is inappropriate because of purported differences between and among class members and representatives. (Resp., at 17.) But "where plaintiffs request declaratory and injunctive relief against a defendant engaging in a common course of conduct toward them . . . [there is] no need for *individualized* determinations of the propriety of injunctive relief." *Brown*, 244 F.R.D. at 231. Indeed, for certification under Rule 23(b)(2),

---

[3] Defendants also inaccurately characterize the record in an attempt to challenge the veracity of two Named Plaintiffs. Defendants' baseless accusations are beside the point as the credibility of Named Plaintiffs is simply a disputed issue for trial and is not a bar to class certification. *See McCall v. Drive Financial Services, L.P.*, 236 F.R.D. 246, 252 (E.D. Pa. 2006).

7

"[w]hat is important is that the relief sought by the named plaintiffs [ ] benefit the entire class. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 209 F.R.D. 323, 342 (S.D.N.Y. 2002). Declaratory and injunctive relief ending Defendants' pattern and practice of fraudulent rent increases and evictions would benefit the entire class such that even without possible monetary recovery, reasonable plaintiffs would bring this suit.

Defendants alternatively allege that Named Plaintiffs lack standing to seek injunctive relief because, after this lawsuit was filed, Defendants ceased to target and injure some Named Plaintiffs as a result of settlements or merits decisions in housing court or before the DHCR. (Resp., at 9-10.)  But Defendants ignore that standing requirements "are assessed as of the time the lawsuit is brought." *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994).  All Named Plaintiffs suffered injury giving them standing when this case was filed.  Any subsequent decision by Defendants to cease their illegal conduct does not bar Named Plaintiffs from seeking injunctive relief on their own behalf and for the entire class.  "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *See Farez-Espinoza v. Napolitano*, 08 Civ. 11060 (HB), 2009 U.S. Dist. LEXIS 35392, at *13 (S.D.N.Y. Apr. 27, 2009). [4]

---

[4] Defendants may have been trying to raise a mootness argument, but even so characterized, it still fails.  Defendants have not carried "the very heavy burden of demonstrating (1) with assurance that there is no reasonable expectation that the conduct will recur, *and* (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Comer*, 37 F.3d at 800 (citations omitted).  Moreover, there is no guarantee that Defendants will not retaliate against the Named Plaintiffs as soon as this lawsuit ends, especially

8

### B. Contrary to Defendants' Claims, Predominance Under Rule 23(b)(3) Does Not Require Uniformity in Injury or Damages.

Rule 23(b)(3) certification of Plaintiffs' RICO and NYCPA claims is appropriate as liability will be established through class-wide proof. (*See* Mem., at 3-5, 18-20). Defendants, however, argue that predominance is not shown here because different proof allegedly will be required to show reliance, injury and damages to each class member. (Resp., at 18-19.) As described in our Opening Brief, Defendants are wrong. (Mem., at 19-20.) Subclass 1, persons whose rent has been unlawfully inflated because of the Defendants' pattern and practice of misrepresenting the cost of renovations/capital improvements, provides an example. Reliance is subject to common proof because in every instance, the DHCR will have relied on the Pinnacle Enterprise's fraudulent submissions in registering the "legal" rent. Proximate causation is also uniform – tenants are injured by paying rents that have been unlawfully inflated as a result of Defendants' fraud. And as this Court has previously held, that each class member will still have to establish the fact and amount of their own injury in no way defeats predominance. *Jermyn,* 256 F.R.D. at 433 ("Once liability is determined, each class member will be responsible for documenting his or her injury, but that is true in many class actions.").

### C. Defendants' Challenge To Rule 23(c)(4) Certification Should Be Rejected.

Even if Defendants' predominance arguments had merit (and they do not), certification should still be granted under Rule 23(c)(4). Defendants devote almost no attention to this argument, and for good reason. In the Second Circuit, it is settled law that "a court may employ Rule 23(c)(4) to certify a class as to common issues that do exist, 'regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement.'" *McLaughlin v. Am.*

---

given the manner in which they halted their unlawful behavior in the first instance. (*See, e.g.*, M. Charron Decl. at ¶¶ 16-18; Stahl-David Decl. at ¶¶ 13-19; Flannagan Decl. at ¶ 18.)

9

*Tobacco Co.*, 522 F.3d 215, 234 (2d Cir. 2008). Accordingly, "the question whether RICO was violated can be separated from the question whether particular intended victims were injured, and thus can . . . be resolved in a single proceeding with the issue of injury parceled out to satellite proceedings[.]" *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 663 (7th Cir. 2004).

Defendants' central objection to certification under Rule 23(c)(4) is that each class member would ultimately have to prove their particular injury and damages. But as Judge Posner observed in the *Carnegie* decision:

> "[I]t may be that if and when the defendants are determined to have violated the law separate proceedings of some character will be required to determine the entitlements of the individual class members to relief . . . . That prospect need not defeat class treatment of the question whether the defendants violated [the law]."

*Carnegie,* 376 F.3d at 661. Accordingly, Named Plaintiffs request that, at a minimum, this Court grant Rule 23(c)(4) certification as to Defendants' liability for violation of RICO and the NYCPA, leaving aside the need for now to determine the question of injury as to each member of the plaintiff class.

## Conclusion

For the foregoing reasons, the Named Plaintiffs request that the Court grant their motion for class certification and certify the proposed plaintiff class, appoint the Named Plaintiffs as class representatives, appoint counsel for the Named Plaintiffs as class counsel, and direct that notice and opt-out rights be provided to members of the class.

Dated:  August 14, 2009                                   Respectfully submitted,


                                                         By: s/_Richard_F. Levy___
                                                              Richard F. Levy
                                                              Luke McLoughlin
                                                              JENNER & BLOCK LLP
                                                              919 Third Avenue, 37th Floor
                                                              New York, NY  10022-3908
                                                              (212) 891-1600
                                                              (212) 891-1699 facsimile
                                                              *Counsel for Plaintiffs*

Of Counsel:
Ross B. Bricker
Melissa L. Dickey
Stephen Kang Kinslow
Shelley Dufford
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
Telephone:     (312) 222-9350
Facsimile:        (312) 527-0484

Anna Baldwin
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone:     (202) 639-6000
Facsimile:        (202) 639-6066