

January 5, 2010

**VIA FAX**

**JENNER&BLOCK**

Jenner & Block LLP
919 Third Avenue, 37th Fl.
New York, NY 10022

Chicago
Los Angeles
New York
Washington, DC

**MEMO ENDORSED**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Suite 640
New York, New York 10007

Luke McLoughlin
Tel 212 891-1600
Fax 212 891-1699
lmcloughlin@jenner.com

*I do not care — I will consider it — stop writing me silly letters*

/s/ McM 1/5/09

Re: *Charrons et al. v. Pinnacle Group NY LLC*, 07 Civ. 6316-CM

Judge McMahon:

We are counsel for Plaintiffs in the above-captioned matter, and write in response to Defendants' submission filed on January 4, 2010. Defendants' submission was filed late, and their explanation for the late filing (in a letter dated January 4) simply ignores the facts and the plain meaning of applicable rules and this Court's Individual Practices. For that reason and for the reasons below, the submission should be rejected.

On December 16, 2009, this Court endorsed Defendants' letter request for leave to file a five page letter response **within 14 days**. The Court's handwritten endorsement indicates it was filed on December 16; the file stamp indicates it was filed on December 17. In either case, Defendant's response was due on or before December 31, which is not a legal holiday. Defendants' subsequent January 4 letter incorrectly measures the 14 days from December 18, the day on which they received the ECF notice. The rules do not permit their interpretation.

"Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk. *In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.*" SDNY Electronic Case Filing Rules & Instruction § 4.2 (emphasis added). Defendants' experienced counsel knows these rules; if there was any doubt that the measuring date for the 14 days requirement was December 16 or 17 (and not December 18) they had ample time after receiving the ECF notice to clarify the due date with the clerk. They failed to do so, and failed in their January 4 second letter to explain that failure. The memorandum is thus simply untimely.

That aside, the memorandum is wholly afield from the sole legal issue in question – the possible substitution of a plaintiff for subclass (3). Defendants devote one page to this issue, before spraying invective and re-arguing the class cert issue on pp. 2-6 of the document. Tellingly, Defendants do not even grapple with the authorities cited to them by Plaintiffs in their December 15 letter, and with good reason: the Court either will permit a substitution for one sub-class or it will not – substitution has nothing to do with the merits of the rest of the sub-

1

classes, Defendants' wishes to the contrary notwithstanding. *See* Pls. Letter of Dec. 15, 2009 (citing cases).

Despite seeking a second bite at the class certification apple, Defendants still refuse to even acknowledge the Court's decision in *Jermyn v. Best Buy*, 256 F.R.D. 418 (S.D.N.Y. 2009) (McMahon, J.) and numerous other authorities cited to them months ago regarding class action law. Instead, Defendants have chosen to take up the Court's time re-stating old, off-point arguments. Little more need be said about Defendants' papers when Defendants have filled another five pages without engaging with one of their most problematic precedents.

Finally, Defendants' untimely memorandum includes inappropriate attacks, *e.g.*, accusing Plaintiffs' counsel of "scrounging up another disgruntled tenant." Mem. 3. Contrary to this invective, this is a textbook class action suit, and it is against Defendants that have already been forced to pay hundreds of thousands of dollars in overcharges to a discrete universe of tenants as part of *sui generis* government audits. *See* Pls. Reply Mem. 1-4; Defs. Aug. 14, 2009 Mem. at 6, n.4 (claiming to not know why the hundreds of thousands of dollars in overcharges uncovered by the governmental investigations are relevant to class certification).

For these reasons, Defendants' memorandum should be stricken as untimely and its contents rejected.

Respectfully submitted,

*[signature]*

Luke McLoughlin

cc:  Mitchell Karlan, Esq. (by email)
    *Counsel for Defendants Joel Wiener and Pinnacle Group NY LLC*