USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-22-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARJORIE CHARRON, et al.,

                       Plaintiffs,

           - against -

PINNACLE GROUP NY LLC, et al.,

                      Defendants.

**MEMORANDUM
OPINION AND ORDER**

**07 Civ. 6316 (CM)(RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

District Judge Colleen McMahon referred this case to the undersigned for settlement on July 27, 2010. Before the Court is a motion dated November 29, 2010, in which third party United Co-op Housing Shareholders Coalition ("the Coalition") requests "the right to intervene and to participate in the settlement negotiations." The Court is unaware of any prior instances where a third party has been granted the right to intervene in a case for the limited purpose of participating in settlement proceedings, but will evaluate the Coalition's motion under the standard used for a typical motion to intervene. For the reason's state below, the Coalition's motion is **DENIED**.

## II. BACKGROUND

### A. The Lawsuit

Plaintiffs, rent-regulated tenants in apartments owned by Defendants, filed the instant lawsuit on July 11, 2007, alleging violations of New York rent stabilization and consumer protection laws, as well as the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Compl. ¶ 16.) On September 5, 2008, Judge McMahon, in large part, denied Defendants' motion to dismiss (Doc. 32), and on April 27, 2010, she certified two plaintiff

classes, an injunctive class consisting of all persons who, as of that date, were tenants in rent-regulated apartments owned by Defendants, and a liability class consisting of all persons who were tenants between July 11, 2004, and April 27, 2010, in rent-regulated apartments owned by Defendants. (Doc. 96.) Throughout the process of the lawsuit, Plaintiffs' attorneys, Jenner and Block LLP ("Jenner"), have organized a number of large meetings with the tenants who make up the plaintiff class, in order to keep them apprised of the progress of the suit. (*See, e.g.,* Mot. to Intervene, Ex. 1.)

## B. The Instant Motion

The Coalition is a group of residents, primarily cooperative shareholders, in four properties owned by Defendants. (*Id.* at 14.) Throughout the progress of the lawsuit, the coalition, through its President, Abram Gin, and its attorney, David Reich, has lobbied Jenner for inclusion as a plaintiff in the suit. (*See, e.g., id.,* Ex. 1.) Jenner maintains that they have repeatedly told the Coalition that they do not represent the Coalition or any of its members who do not fall into the plaintiff classes certified by Judge McMahon. (Resp. to Mot. to Intervene 3.) The Coalition, however, insists that Jenner has taken on a responsibility to represent all residents in buildings owned by Defendants, and that they have not been clear about the limitation of their representation to rent-regulated tenants. (Mot. to Intervene 18.) The Coalition argues that they must be allowed to intervene in the settlement proceedings in order to prevent collusion between Jenner and Defendants. (*Id.* at 15.)

## III. DISCUSSION

### A. Legal Standard

The right to intervene in a case in the federal courts is governed by Fed. R. Civ. P. 24, which allows intervention as of right for anyone who: "(1) is given an unconditional right to

intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24 also allows permissive intervention when a party "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

A party seeking to intervene as of right must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel*, 972 F.2d. 482, 485 (2d Cir. 1992). "The burden of proving that the existing parties to the action cannot adequately represent the rights of the proposed intervenor lies with that party." *Madison Stock Transfer, Inc. v. Netco Investments, Inc.*, No. 06-CV-3926, 2007 WL 2902960 at *1 (E.D.N.Y. 2007) (citing *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)). When considering applications for permissive intervention, a court considers such factors as the adequacy of representation by existing parties, whether intervention will cause delay, and whether intervention will contribute to full factual development and just adjudication of legal questions. *Id.* at *2 (citing *Brennan*, 579 F.2d at 191-92). The determination of these matters lies fully within the discretion of the district court.

## B. The Merits of the Coalition's Motion

The Coalition has not established that it is entitled to intervene as of right, or that it should be permitted to intervene under the permissive intervention statute. It cites no federal statute that would grant it a conditional or unconditional right to intervene. The Coalition's members who are not tenants in rent-regulated apartments do not have an interest in the action,

3

which only alleges violations in the Defendants' treatment of rent-regulated tenants. To the extent that some members of the Coalition are rent-regulated tenants, the Coalition has not met its burden of showing that these members' interests will not be adequately represented by Jenner and the named Plaintiffs. The Coalition also has not shown that it has a claim that shares a common question of law or fact with the main action in this case. There is also no indication that participation by the Coalition would contribute to a more full development of the facts of this suit or a more just adjudication of the legal issues.

### III. CONCLUSION

The Coalition does not meet the requirements for a motion to intervene set out in Fed R. Civ. P. 24. The motion to intervene is therefore **DENIED**.

**SO ORDERED this 22nd day of December 2010**
**New York, New York**

_Ronald Ellis_

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Order were sent to:

Representative for the Coalition:
Abram Gin
99-40 63rd Road, Apartment 3Z
Rego Park, NY 11374

Attorney for Plaintiffs:
Richard F. Levy
Jenner & Block LLP
919 Third Avenue, 13th Floor
New York , NY 10022

Attorney for Defendants:
Mitchell Karlan
Gibson, Dunn & Krucher LLP
200 Park Avenue, 48th Floor
New York, NY 10166