## 7.  If the Court approves the settlement, what will happen to any claims I have against Pinnacle?

Unless you exclude yourself from the proposed settlement, you cannot sue Defendants, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case or under the settlement.  It also means that all of the decisions of the Court will bind you.  The full release, to which you will be bound if you do not exclude yourself, is described more fully in the Settlement Agreement and describes exactly the legal claims that you give up if you remain in the settlement.  A copy of the Settlement Agreement may be obtained from Class Counsel upon request, and subject to Class Membership verification, either online at www.rentlitigation.com, or by phone at 1-888-736-8115.

## 8.  Can my landlord retaliate against me for participating in this settlement?

No.  Your Landlord may not retaliate against you or harass you, or attempt to evict you for participating in the proposed settlement.

## 9.  Who represents the class?

A.    **Class Representatives.**

The Court has appointed Marjorie Charron, Theodore Charron, Kim Powell, Andrew Mares-Muro, and Raymond Andrew Stahl-David to serve as the class representatives.

B.    **Lead Counsel.**

If you are a class member, attorneys from the law firm of Jenner & Block LLP represent you.  These lawyers are called Lead Counsel.  They are responsible for representing your rights and interests at the Fairness Hearing and in monitoring and seeking enforcement of the injunction as described in paragraph 6 above.

C.    **Assistance with Claim.**

If you file a claim and require assistance, a lawyer from the Legal Aid Society or Legal Services, New York, will be available to assist you.  Details of how to contact these lawyers may be obtained by calling the phone number or emailing the website shown at the bottom of this page.

You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense or find one who will represent you for free.  If you need help understanding this settlement or submitting a claim, attorneys and staff from the Legal Aid Society and Legal Services NYC will be available.  Contact information for these organizations will be included in the notice that will be sent to you upon the Court's approval of the settlement.

## 10. How will the lawyers be paid?

Lead Counsel for Plaintiff Classes has also asked that the Court order Pinnacle to pay legal fees up to a maximum of $1.25 million, plus out of pocket expenses up to $200,000.  A copy of the fee petition may be obtained from Class Counsel upon request, and subject to Class Member verification, either online at www.rentlitigation.com, or by phone at 1-888-736-8115.

These amounts will not affect the recovery of monetary benefits by Class Members through the claims process.  Pinnacle has agreed that there will be no cap on benefits that Class Members may recover through the claims process.

## 11. What are my options?

At this point, you have several options.  Your legal rights are affected even if you do not act.

### A.  You can do nothing and remain a member of the Liability Class.

If you do not request exclusion from the Liability Class, you will remain a member of the class and your interests in connection with the proposed settlement will be represented by Class Counsel.  You will not be charged for the services or expenses of Class Counsel.

If the Court approves the proposed settlement and the settlement becomes final, you will be entitled to the benefits described in paragraph  6, including the right to submit a Notice of Claim and have the Claims Administrator decide whether you are entitled to monetary compensation and if so, the amount to which you are entitled, if any.  If the settlement is approved, you will receive further instructions for submitting your Notice of Claim.

Whether you submit a claim or not, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Pinnacle about the legal issues in this case or under this Settlement, ever again.

### B.  You can exclude yourself ("opt out") from the Liability Class

To exclude yourself from the settlement, you must send a letter that includes the following:

- Your name, address, and telephone number, as well as your signature.
- A statement that you opt out of "*Charron, et al., v. Pinnacle Group NY LLC, et al.*, United States District Court, Southern District of New York, No. 07 Civ. 6316 (CM)."

**Mail the opt out letter to the following address postmarked no later than [DATE], 2011:**

**Pinnacle Proposed Settlement
PO Box 8438
New York, NY 10150**

8

If you opt out, (1) you will not be entitled to any of the benefits for the Liability Class under the proposed settlement; and (2) you will not be part of the settlement and will not be bound by the proceedings.  You will be able to file your own lawsuit at your own expense about the claims alleged in this lawsuit.

### C.  You can object to the settlement.

If you have comments about, or disagree with, any aspect of the settlement, including Class Counsel's fee petition, you may express your views to the Court by writing to the address below.

Your letter must include the following:

- Your name, address, and telephone number, as well as your signature.

- A statement that you object to the proposed settlement in *"Charron, et al., v. Pinnacle Group NY LLC, et al.*, United States District Court, Southern District of New York, No. 07 Civ. 6316 (CM)" and the reasons for your objection.

**Mail the objection to the following address postmarked no later than [DATE], 2011:**

**Pinnacle Proposed Settlement**
**PO Box 8438**
**New York, NY 10150**

### 12. When and where will the Court decide whether to approve the settlement?

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak (see paragraph 13 below), but you don't have to.

The hearing has been set for [DATE], at [time], before Magistrate Judge Ronald Ellis at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, which is located at 500 Pearl Street, New York, New York 10007, in Courtroom 18D.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  After the hearing, the Court will issue a report and recommendation to United States District Court Judge Colleen McMahon who will decide whether to approve the settlement.

### 13. May I speak at the hearing?

Yes.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also ask your own lawyer to attend on your behalf, but it's not necessary.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of

Intention to Appear in *Charron, et al., v. Pinnacle Group NY LLC, et al.*, United States District Court, Southern District of New York, No. 07 Civ. 6316 (CM)." Be sure to include your name, address, telephone number, and your signature. **Your Notice of Intention to Appear must be postmarked no later than [DATE], 2011**, and be sent to the following address:

**Pinnacle Proposed Settlement**
**PO Box 8438**
**New York, NY 10150**

## How can I get more details about the settlement?

This notice summarizes the settlement. If you would like more information or have any other questions about this settlement, please call 1-888-736-8115 or tell us how to reach you by emailing us at www.rentlitigation.com.

Individual Class Members may request all settlement documents and forms on the website or by phone as stated herein. Individuals requesting documents will be asked to provide their name and address, or former address if no longer a Pinnacle tenant. Plaintiffs' Counsel will forward all requests to Defendants to confirm the Class status of each individual, and upon confirmation, will provide the requested documents to the individual Class Member.

The website and any and all documents and materials made available therein will only be accessible to Class Members for two years from the Effective Date.

EXHIBIT B
TO FORMAL SETTLEMENT
AGREEMENT

# SHORT-FORM NOTICE OF PROPOSED SETTLEMENT

**Legal Notice**

# IF YOU LIVE OR ONCE LIVED IN A RENT-CONTROLLED OR RENT-STABILIZED APARTMENT OWNED BY PINNACLE GROUP NY LLC, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

A class action settlement has been proposed in a lawsuit involving tenants in rent controlled and rent stabilized apartments owned or operated by Pinnacle Group NY LLC et al ("Defendants").

## WHAT IS THIS ABOUT?

In 2007, a group of Pinnacle tenants ("Plaintiffs"), represented by the law firm Jenner & Block LLP ("Counsel for Plaintiff Classes"), filed this federal class action lawsuit against the Defendants claiming that they violated federal racketeering laws (RICO) as well as New York Consumer Protection laws (NYCPA) by harassing and intimidating tenants in rent-controlled or rent-stabilized apartments. The Plaintiffs seek damages from the Defendants, and an injunction (court order) requiring them to not violate New York housing laws. The Plaintiffs claim that the Defendants illegally increased regulated rents and evicted, attempted to evict and otherwise harassed tenants whose apartments were rent-regulated. The Defendants have denied and continue to deny these allegations.

## WHO IS AFFECTED?

You are a class member and could receive benefits if you fit within either or both of the following tenant categories:

*Injunctive Class Members:* *All persons who, as of April 27, 2010, were tenants in rent-controlled or rent-stabilized apartments in New York City directly or indirectly owned in whole or in part by Defendants.*

*Liability Class Members:* *All persons who, at any time between July 11, 2004, and April 27, 2010, were tenants in rent-controlled or rent-stabilized apartments in New York City directly or indirectly owned in whole or in part by Defendants and who may have individual damages claims against Defendants related to the allegations described above.*

If you are not sure whether you are a class member, you can ask for free help by calling Counsel for Plaintiff Classes toll-free, at 1-888-736-8115 .

## WHAT DOES THE SETTLEMENT PROVIDE?

In exchange for the release of the Class Members' claims, the Defendants have agreed to certain terms.

The Defendants have agreed to establish a Helpline for tenants, and to implement a set of written protocols that will cover (a) how initial rents and rent increases are set and handled and (b) how legal proceedings are evaluated and brought against tenants. The new protocols will be monitored for a period of two years by a Claims Administrator.

The Defendants have also agreed to establish a claims process under which the Claims Administrator will determine whether Liability Class Members are entitled to money damages from Defendants for past conduct related to rent overcharges, harassment and meritless eviction proceedings. An independent accountant will also review a sample of all new leases issued between January 1, 2008 and April 27, 2010, to determine whether tenants were subjected to rent overcharges during that period.

Finally, the Defendants have agreed to an injunction requiring that they comply with all terms of the settlement. Counsel for Plaintiff Classes and the Claims Administrator will be responsible for monitoring compliance.

## WHAT ARE YOUR OPTIONS?

REMAIN A MEMBER OF THE CLASS – If you do not opt out of the class, you will remain a class member. You will automatically receive the benefits of the new protocols. If you are in the Liability Class, you can submit a claim to the Claims Administrator, who will decide if you are entitled to money damages from Defendants as a result of past conduct. You will receive a final notice once the proposed settlement is approved by the Court and a final judgment entered.

EXCLUDE YOURSELF ("OPT OUT") – If you are a Liability Class Member you can choose to opt out of the settlement. To opt out, you must send a letter saying that you opt out of "Charron, et al., v. Pinnacle Group NY LLC, et al., United States District Court, Southern District of New York, No. 07 Civ. 6316 (CM)." Be sure to include your name, address, telephone number, and your signature. **Mail the opt out letter to the following address postmarked no later than [DATE], 2011:**

**Pinnacle Proposed Settlement**
**PO Box 8438**
**New York, NY 10150**

OBJECT – If you are a class member, you can object to the settlement if you don't like any part of it, but you don't have to. To object you must send a letter just as you would to opt-out, by the same date, to the same address, but instead stating that you object and explaining why you object to the settlement.

GO TO A HEARING – The Court will hold a Fairness Hearing on DATE, at TIME at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, in Courtroom 18D to consider whether to approve the settlement. You may ask the Court for permission to speak at the Fairness Hearing, but you don't have to. If you wish to speak at the Fairness Hearing you must send a letter to the same address and by the same date listed above under opting out.

REQUEST MORE DETAILS ABOUT THE SETTLEMENT – This is a short description of the settlement. Class Members can obtain a full notice of the settlement or a copy of the settlement agreement by calling the number below, or by contacting the website below.

| 1-888-736-8115 | QUESTIONS? | www.RentLitigation.com |

# EXHIBIT C
# TO FORMAL SETTLEMENT
# AGREEMENT

# PROTOCOLS

<u>PROTOCOLS</u>

For management of Pinnacle buildings pursuant to the settlement in *Charrons v. Pinnacle*

I.  <u>Setting initial rents and implementing rent increases for rent stabilized and rent controlled tenants.</u>  The procedures below will be followed for setting initial rents and implementing rent increases:

    A.  **General**

        1.  **Compliance with legal obligations.**  Pinnacle will comply with rent setting and rent increase obligations under all applicable New York laws including the Rent Stabilization Law, the Rent Stabilization Code, the Rent Control Law and the Rent and Eviction Regulations.

        2.  **File maintenance.**  Documentation in support of rent increases will be maintained by Pinnacle in electronic format and made available to tenants as set forth below.

    B.  **Setting Initial Rents for Rent Stabilized Apartments upon Vacancy.**

        1.  **Rent setting.**  Upon vacancy of a rent stabilized apartment, Pinnacle will determine a new rent for the unit as follows:

            a)  A member of the Leasing Department or an assigned manager will review the unit's relevant rent history, including applicable specific factors such as major capital improvements, to determine the legal rent at the time of the vacancy.

            b)  If individual apartment improvements are planned, the Leasing Department or assigned manager will submit a recommended workplan for specific individual apartment improvements to senior Pinnacle management.  The workplan will include

                (1)  the nature of the improvements, and

                (2)  the estimated cost of the improvements.

            c)  Individual apartment work will commence only after a senior Pinnacle manager provides approval of the workplan in written form.

            d)  All individual apartment work must be documented with sufficiently specific information to reflect the provider, cost, location, date(s) and nature of the work.

e)      After the completion of the work or if no work is to be done, the Leasing Department or assigned manager will submit the proposed new rent to a senior manager.

   (1)   The proposal will include an itemized description of the work performed.

   (2)   If preferential rent is to be offered, the proposal shall state the amount of the preferential rent as well as the amount of the legally permissible rent.

f)      A Pinnacle senior manager will approve or deny a proposed new rent based upon permissible statutory increases, IAI and market limitations, and will notify the Leasing Department, a copy of which approval or denial will be kept in written form.

g)      Documentation of individual apartment work will be maintained by Pinnacle in accordance with DHCR Policy Statement 90-10, and will be maintained in electronic form.

2.   **Notice to Tenant of Basis for Increase and Right to Review Documents.**

   a)   **For tenants in units that remain rent stabilized.**

      (1)   A Rent Stabilization Rider will be generated and attached to a proposed new lease by the Leasing Department.

      (2)   Along with the Rent Stabilization Rider, each tenant shall be informed in writing that, upon tenant request, documentary evidence supporting the initial rent that is reasonably available will be provided to the tenant within 15 days of the request, and that later-acquired documentation, including documentation required by DHCR Policy Statement 90-10, will be made available upon further request by the tenant.

   b)   **For tenants in units that have been deregulated.**

      (1)   For the first four years after deregulation, each tenant to reside in a unit that has been deregulated because the rent has been increased to above $2,000 per month upon vacancy will be provided a written explanation of the basis for the new rent for the unit in substantially the same form and with the same content as required for a Rent Stabilization Rider

(2)   Along with the written statement explaining the basis for the new rent, each tenant shall be informed in writing that, upon tenant request, documentary evidence supporting the initial rent will be provided to the tenant within 15 days of the request.

C.   **Implementing Renewal Rent Increases for Rent Stabilized Apartments**

1.   **Setting rent increases upon renewal.**

a)   Senior management will monitor Rent Guidelines Board Orders for annual increases and other factors.

b)   Annual Rent Guidelines Board increases will be communicated to the Pinnacle Controller.

c)   The Pinnacle Controller will direct the Pinnacle IT department to program property management software accordingly.

d)   Upon notices of approval of MCI increases by the New York State HCR, the Pinnacle Controller will calculate individual apartment increases.  The Controller will direct IT to program the property management software accordingly.

2.   **Notice of new rents.**  New rents are reflected in Rent Stabilization Riders attached to renewal leases sent to tenants not less than 90 days in advance of expiration of each respective term.

3.   **Right to review documents.**  Along with renewal leases and Riders, tenants subjected to rent increases, excluding increases based solely on rent guidelines board statutory increases, will be informed that they may request copies of documents in support of the rent increase and that such documents will be provided within 15 days of a tenant request.

D.   **Implementing Increases for Rent Controlled Apartments**

1.   **Setting rent control increases.**

a)   HCR will be monitored for increase factors.

b)   An application will be prepared on behalf of Pinnacle to determine eligibility and applicability and will be submitted to HCR.

2.   **Notice of increase.**

a)   Upon HCR approval, tenant will be provided with a RN205 form notifying the tenant of the proposed rent increase for a two year cycle.

b)     If a retroactive payment is due, the Controller will send a letter to tenant advising of same and that balance due will be billed in installments over the same number of months as increase was determined by HCR to be retroactive.

c)     The Pinnacle Controller will cause the appropriate software adjustment to be entered in billing system.

3.    **Right to review documents.** Along with notices of increase, rent controlled tenants will be informed that they may request copies of documents in support of the rent increase and that such documents will be provided within 15 days of a tenant request.

## II.    <u>Pre-litigation evaluation of the merits of legal proceedings</u>

A.    **Non-payment proceedings** Below are procedures that will be followed prior to commencing a non-payment proceeding:

1.    **Report/Memo.** Pinnacle Legal Department will prepare a memo for each account in arrears outlining the relevant facts and the basis for a non-payment proceeding. A form for such memo is attached as Exhibit A.

a)     The memo will include but not be limited to the following information:

(1)    the amount and time period of rental arrears,

(2)    Section 8 status,

(3)    SCRIE/DRIE status,

(4)    Any relevant prior litigation and/or stipulations,

(5)    Any pending HCR matters,

(6)    Any Housing Maintenance Code violations on record for the unit or the common areas of the building, and

(7)    The status of any repair or service issues regarding the unit or Housing Maintenance Code violations in common areas of the building.

b)     An electronic version of the memo will be sent by the Legal Department with a copy of all relevant documentation to the Pinnacle General Counsel and any senior Pinnacle officers

designated by the General Counsel to review and approve or deny permission to proceed with a nonpayment proceeding.

2. **Review and Approval or Disapproval.** The General Counsel or other designated senior officer will review the memo and supporting documentation submitted by the Legal Department and either grant or deny permission to commence a non-payment proceeding.

3. **Commencement of nonpayment proceeding.** Upon receipt of approval from the General Counsel or other designated senior officer, the Legal Department may commence a nonpayment proceeding.

4. **File Maintenance.** An electronic version of each memo (with approval/disapproval) and any supporting documentation will be filed in the corresponding unit in tenant database.

B. **Holdover proceedings – General.** Below are the general procedures that will be followed prior to serving a predicate notice for and commencing a holdover proceeding relating to succession, roommate, sublet and all other occupancy issues (other than a red-back proceeding):

1. **Review.** The Legal Department will review facts and circumstances reported by Building managers and/or other employees that may warrant commencement of a holdover proceeding.

2. **Report/Memo.** If an initial determination is made by the Pinnacle Legal Department that there is sufficient basis to commence a holdover proceeding, the Legal Department will prepare a memo outlining the relevant facts and the basis for a holdover proceeding.

3. **Letter of Concern.** Upon a determination to proceed, the Legal Department will provide the tenant with a Letter of Concern in the form attached hereto as Exhibit B.

   a) Each Letter of Concern must be reviewed and approved by a senior Pinnacle officer prior to delivery to the tenant.

   b) Each Letter of Concern will

      (1) set forth in detail the basis for the proposed holdover proceeding,

      (2) offer the tenant an opportunity to have an informal meeting with building management to refute the allegations at the office of an attorney designated by Pinnacle, or any other location agreed upon by the tenant and Pinnacle,

     (3)    state that the tenant has ten (10) days to respond and explain to the tenant who to contact to respond to the Letter of Concern, and

     (4)    describe the type of information that, if provided by the tenant, would refute the alleged basis for the holdover.

c)    Each Letter of Concern will be sent with certificate of mailing.

4.    **Tenant Response to Letter of Concern.**  The tenant may respond in writing or at an in-person meeting to the Letter of Concern.

a)    All statements by the tenant and Pinnacle, whether written or oral, and all documentation submitted to Pinnacle by the tenant, or to the tenant by Pinnacle, in response to a Letter of Concern will be deemed discussions for the purpose of settling potential litigation and may not be construed or used by Pinnacle or the tenant as an admission by or against the Pinnacle or the tenant of any fault, wrongdoing or liability whatsoever and may not be offered or received in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever.

b)    If the tenant does not respond to the Letter of Concern within ten (10) days of the date the letter is sent, the Legal Department will indicate such fact in the Report/Memo to General Counsel described below.

c)    If the tenant requests a meeting, the Legal Department will schedule such meeting at the office of an attorney designated by Pinnacle, or any other location agreed upon by the tenant and Pinnacle.

     (1)    If the tenant and landlord cannot agree on a mutually acceptable meeting location, the Legal Department will submit a request to the Claims Administrator to determine the location.

     (2)    If a meeting is scheduled but the tenant fails to attend, the Legal Department will send a non-attendance letter with certificate of mailing to the tenant in the form attached hereto as Exhibit C.  Such letter will state that the tenant failed to appear, that Pinnacle intends to proceed with a holdover proceeding, and that the tenant should notify the Claims Administrator and Pinnacle within ten (10) days if the tenant believes that the failure to attend the meeting was excusable.

(a)   If the tenant responds to the letter of non-appearance and explains the reason for non-appearance to the satisfaction of Pinnacle, the informal meeting will be rescheduled.

(b)   If the tenant does not respond to the non-attendance letter within ten (10) days, the Legal Department will indicate such failure in the Report/Memo to General Counsel described below.

(c)   If the tenant responds to the non-attendance letter with an excuse for the failure to attend that is not deemed sufficient by Pinnacle, the Legal Department will wait for the Claims Administrator's determination before proceeding further.

    (i)   If the Claims Administrator determines that the tenant's failure to appear was excusable, landlord and tenant will reschedule the meeting.

    (ii)   If the Claims Administrator determines that the tenant's failure to appear was not excusable, no meeting will be scheduled and the Legal Department will indicate such determination in the Report/Memo to General Counsel.

5.   **Consideration of Tenant Response.**  The Pinnacle Legal Department will review each tenant's response to a Letter of Concern, whether it is delivered in person at an informal meeting or provided in writing, and determine, based on that response and on any other information received or reviewed to date, whether it still believes there is a basis to proceed with the holdover proceeding.

a)   If the Legal Department believes there is no longer a basis to proceed with a holdover proceeding, Pinnacle will notify the tenant in writing that it does not intend to proceed at that time.

b)   In the event that the Legal Department, having determined not to proceed with a holdover proceeding, at some later decides there is then a basis to proceed with a holdover proceeding, Pinnacle will serve the tenant with a  new Letter of Concern and will follow the procedures set forth above.

c)   If the Legal Department believes there is a basis to proceed with a holdover proceeding, it will seek approval from the General Counsel pursuant to the process set forth below.

6.   **Report/Memo to General Counsel.** Upon the conclusion of the process described under "Letter of Concern," "Response to Letter of Concern" and "Consideration of Tenant Response" above, if the Legal Department continues to believe there is sufficient basis to commence a holdover proceeding, the Legal Department will prepare a memo detailing the basis for and evidence supporting the holdover proceeding, and include a description of the tenant's response to the Letter of Concern and any written submission or documentation submitted by the tenant.

a)   The written memo will be sent to the General Counsel.

b)   The General Counsel will assess, based on the information provided by the Legal Department, whether there is sufficient basis to commence a holdover proceeding against the tenant and will either approve or deny permission to proceed.

7.   **Required Approval.** The Legal Department may commence a holdover proceeding only upon receipt of approval in written form from the General Counsel.

a)   The Legal Department may not commence a holdover proceeding less than ten (10) days after sending a Letter of Concern, or until there has been a determination by the General Counsel that there is satisfactory basis to proceed, whichever is later.

8.   **File Maintenance.** Each memo (with approval/disapproval) and Letter of Concern will be scanned and attached to the corresponding tenant database.

C.   **Holdover proceedings – Special Procedures for Non-primary residence cases.** The procedures for pre-litigation evaluation of the merits of a holdover proceeding that is brought based on the allegation that a tenant is not using his or her apartment as a primary residence will be as set forth above for holdover proceedings in general except that the following will also be required for non-primary residence holdovers:

1.   **Initial Memo to General Counsel.** Prior to serving a tenant with a Letter of Concern regarding allegations that the apartment is not being used by the tenant as a primary residence, the Legal Department will prepare an initial written memo detailing the basis for and describing the evidence that Pinnacle management has in support of a non-primary residence holdover proceeding.

a)   This memo will be sent to the General Counsel.

8

b)   If the General Counsel believes that there is a sufficient basis to commence a non-primary residence holdover proceeding, the General Counsel will provide written approval to send a Letter of Concern.

c)   The memo and approval or denial will be included in the tenant's database.

2.   **Non-Primary Letter of Concern.**  If the General Counsel authorizes issuance of a non-primary Letter of Concern, the Legal Department will send the tenant a non-primary Letter of Concern in the same form as the attached Exhibit C and the tenant will be provided with the same opportunity to respond as is set forth above for holdover proceedings in general.

3.   **Timing of Golub Notice.**  Pinnacle will make a good faith effort to initiate a merits evaluation process for non-primary residence holdover proceedings sufficiently in advance of the date that a "Notice of Non-Renewal of Lease" (Golub notice) would be needed as a predicate to a non-primary residence holdover proceeding.

a)   However, if the Legal Department and/or General Counsel reasonably determine that a good faith effort has been made to complete the merits evaluation procedure but that full compliance with the foregoing "Response to Letter of Concern" provisions will cause Pinnacle to be unable to issue a timely Golub notice, the Legal Department may, with the written approval of General Counsel, instruct the applicable third-party law firm to send a Golub notice notwithstanding the foregoing provisions.

b)   However, regardless of the service of the Golub notice, the tenant remains entitled to the general procedures required for holdover proceedings under these protocols, such as an opportunity to schedule an informal meeting.

4.   **Supplemental Memo to General Counsel.**  At the conclusion of the process described under "Non-Primary Letter of Concern," "Response to Letter of Concern" and "Consideration of Tenant's Response" above, the Legal Department will determine whether it still believes there is sufficient basis to proceed and if it determines sufficient basis exists, will supplement the initial written memo with a description of the tenant's response to the non-primary Letter of Concern and any documents or statements submitted by the tenant.

a)   The supplemental memo will be sent to the General Counsel.

b)   If a Golub notice has already been issued pursuant to the special circumstances described above, the Legal Department will reflect this fact in the Supplemental Memo to the General Counsel.

5.   **Required Approval.**

The Legal Department may commence a non-primary proceeding only upon receipt of approval in written form from General Counsel.

6.   **File Maintenance.**  Each written memo (with approval/disapproval) and non-primary Letter of Concern will be scanned and attached to the corresponding unit in the tenant database.

III.   **Helpline.**  Pinnacle will set up a helpline that tenants can contact for inquiries or complaints about any matter affecting their tenancies, including but not limited to: rental amounts and arrears, repairs and services, occupancy issues, harassment, and conduct of Pinnacle personnel.

A.   **Methods of contacting the Helpline.**  There will be three ways for tenants to contact the Helpline:

1.   *Call line.*  A Helpline phone number that tenants can call and that will have Pinnacle staff available to answer calls live from 9 a.m. to 5 p.m., Monday through Friday (excluding holidays).  At all other times, the Helpline will be able to take voice messages.

2.   *Email.*  A Helpline email address to which tenants can direct inquiries and complaints via email.

3.   *Mailing Address.*  An address to which tenants can direct inquiries and complaints in writing by mail.

B.   **Responses to inquiries and complaints.**  Helpline staff will promptly address tenant inquiries and complaints.  In particular, Helpline staff will be responsible for:

1.   Answering telephone calls to the Helpline M-F, 9-5,

2.   Checking the dedicated email address at least four (4) times in the course of the normal workday (M-F, 9-5),

3.   Checking the written mail on a daily basis,

4.   For each call, email or letter received, Helpline staff will:

a)   Ascertain the nature of the complaint or inquiry,

        b)      If possible, respond to and resolve the complaint or inquiry, and

        c)      If resolution is not possible, develop a response plan that, depending on the nature of the complaint or inquiry, may involve follow-up by the helpline staff member or referral to another Pinnacle staff member.

5.      Opening and filling in the following information on a Task form (with a tracking number) based on information received from the tenant (sample attached hereto as Exhibit D).  The task form will include fields for:

        a)      name and address of tenant, if provided,

        b)      telephone number and/or email address of tenant,

        c)      nature of complaint or inquiry (lease/rent question; legal; repairs; Section 8; SCRIE; other),

        d)      initial action taken (for example, referred to Legal Department for inquiries about legal matters or to Building Maintenance for scheduling of repairs),

        e)      the name of person who handled the call, and

        f)      a tracking number.

C.     **Responding to messages.**  Helpline staff will also be responsible for (i) retrieving messages left on the Helpline voicemail service; (ii) monitoring the Helpline email account; and (iii) reviewing written correspondence addressed to the Helpline.

1.      Helpline staff will make a good faith effort to contact tenants who have left or sent messages by the end of the business day following receipt.

2.      Helpline staff will open and complete a Task form based on information contained in a voicemail, email or written correspondence (each, a "message").

3.      Staff will inform the tenant of Pinnacle's response to their message and/or seek clarification by telephone or email depending on information provided by tenant and note the same in task form.

D.     **Follow up.**

1.      Pinnacle Helpline staff will follow up on each inquiry and complaint by ascertaining from the relevant other Pinnacle staff or from the tenant what action was taken in response to the complaint or inquiry and when such

action was taken or if Pinnacle staff has determined that there is no need for any action.

2. Pinnacle Helpline staff will contact tenants as necessary with questions and will inform tenants of the final resolution of their complaint or inquiry.

3. This follow-up information will all be recorded on the Task form.

E. **Language Access.**

1. Pinnacle will make a good faith effort to have the live Helpline call number staffed by someone who is fluent in Spanish as well as English

2. If it becomes clear to the person answering Helpline calls that the caller has difficulty speaking and understanding English, i.e. is of limited English proficiency (L.E.P.),

a) A Helpline staff member will communicate with the caller in the language in which the caller is fluent if the Helpline staff member speaks that language, or will find a staff member who can communicate in the language in which the caller is fluent if one is available.

b) If no Pinnacle staff member can communicate with the L.E.P. caller in the language in which the caller is fluent, the staff member will use Language Line or a similar third party telephonic service to communicate with the caller.

F. **Notice.** Notice of the telephone number, email address and address of the Helpline will be provided by Pinnacle on every rent bill or invoice and posted in the lobby of each Pinnacle building.

IV. **Provision of repairs and services**

A. **Work order.** Upon notification (i) from the Helpline staff or (ii) directly from a tenant, of a repair or service-related matter, Pinnacle office employees will generate an electronic work-order (with a tracking number) containing the following information and include in the tenant records:

1. name and address of tenant,

2. date and time of the notification of the needed repair or service,

3. nature of repair/service requested, and

4. nature of and time action taken (for example, scheduled repair) or reason no action was taken.

B.   **Response time.** Maintenance staff will attempt to address the repair and service complaints and commence any work required in a prompt and timely manner, provided reasonable access is granted, and in any event, seek to address the complaint no later than.

1.   The end of the next business day for complaints that constitute immediately hazardous and hazardous conditions as defined in the NYC Housing Maintenance Code, with the understanding that immediately hazardous conditions will receive first priority and, where possible, an attempt will be made to address within the same day or within 24 hours.

2.   Within 3 business days for all other complaints.

## V.   Training

A.   **General.** Pinnacle will provide training to all Pinnacle staff on the terms of the settlement and on the requirements of the protocols.

B.   **Helpline staff.** Staff members who are given the responsibility of staffing the Helpline will be provided with additional in-depth training to assure that they are sufficiently familiar with the terms of the settlement and Pinnacle's obligations under the protocols as well as Pinnacle's organizational chart and staff responsibilities in order to secure effective responses to tenant inquiries and complaints. They will also be provided training on customer service.

EXHIBIT A – Format for memo to Legal Department setting forth basis for non-payment proceeding.

EXHIBIT B – Format for general Letter of Concern – holdover

EXHIBIT C – Format for non-attendance letter

EXHIBIT D – Task Form

**EXHIBIT A
TO PROTOCOLS**

# Format for Memo to Legal Department Setting Forth Basis for Non-Payment

# LEGAL DEPARTMENT FORM FOR PERMISSION TO PROCEED WITH A NON-PAYMENT PROCEEDING

**Tenant:**

**Address (with Unit number):**

**Prepared by:**                                     **Date:**

| | |
|---|---|
| Arrears | Amount:<br><br>Which months not paid: |
| **Section 8 subsidy** | Yes: ____  No:____<br><br>If Yes, indicate:  Amount: $_____ ;  Active/Suspended (circle one) |
| **SCRIE/DRIE** | Yes: ____  No:____<br><br>If Yes, indicate:  Amount: $_____ |
| Prior litigation and/or stipulations | Provide date and relevant details: |
| Pending HCR matters | Provide date and describe nature of issue and current status: |
| Repair/service issues | Describe nature of issue and current status: |
| HPD violations relating to unit and/or common areas | Provide dates, classifications and descriptions of violations and current status of efforts to correct: |

Permission to Proceed GRANTED/DENIED by: _____   Date:_____

**EXHIBIT B**
**TO PROTOCOLS**

# Format for General Letter of Concern – Holdover

**[Name of Landlord]**
[Address]
[Phone]
[Fax]

## VIA CERTIFICATE OF MAILING

## LETTER OF CONCERN

[Date]

[Tenant]
[Address]

Re: [Address]

Dear [Tenant]:

We are the Landlord of the above building. We are contacting you because you are the tenant of record for apartment [   ] and we believe there may be grounds for us to bring a holdover proceeding against you that could result in your eviction.

[SPECIFIC BASIS FOR LEGAL PROCEEDING TO BE SET FORTH HERE][1]  We have reason to believe that you are not using apartment [   ] as your primary residence and are currently residing at [believed current address] and have allowed [name of occupant] and/or persons whose names are unknown to us to occupy the apartment.

We are sending you this letter to provide you with an opportunity to have an informal meeting with one of our representatives to discuss this matter before we commence a holdover proceeding against you that could result in your eviction. The purpose of the meeting will be for you to provide us with any information you think would explain why such a proceeding is not warranted or, in the alternative, for us to discuss how this matter might be resolved between us without the need for us to bring a holdover proceeding against you that could result in your eviction. Your discussion with our representative and any information you provide at the meeting will be for the purposes of seeing if we can resolve this matter without legal proceedings. None of the statements you make or documents you provide at the meeting will be offered or received in evidence by us in any related legal proceeding if we do decide to initiate such a proceeding after the meeting.

If you would like to schedule a meeting with one of our representatives to discuss this matter, please contact [Employee name] at [phone number/extension] or at the address above on or before [ten days from the date of mailing]. The meeting may be

---

[1]This example relates to a non-primary residence proceeding. To be revised to reflect relevant circumstances, for example an illegal sublet or succession issue, and further details, as appropriate.

held at the office of our attorney [name of law firm], located at [location of law firm], or at a mutually acceptable alternate location.

[DESCRIBE THE TYPE OF INFORMATION THAT, IF PROVIDED BY THE TENANT, WOULD REFUTE THE ALLEGED BASIS FOR THE HOLDOVER PROCEEDING][2] If you are in fact using the apartment as a primary residence, you should bring information demonstrating such use to the meeting, for example a voter registration card, a driver's license, or other similar documents.

If you do not wish to schedule a meeting with one of our representatives, you may send information relating to your use of the apartment as a primary residence to [Employee name] at the address above within [ten days from the date of mailing].

In the event we do not receive a response from you within [ten days from the date of mailing], we may commence a holdover proceeding against you that could result in your eviction, in which case you will be served with legal papers. If you do request a meeting, we will consider the information discussed at the meeting in deciding whether or not to go forward with a legal proceeding. If we decide to go forward with a holdover proceeding against you that could result in your eviction, you will be served with legal papers. If we decide not to go forward with a legal proceeding, we will notify you of that fact in writing.

You may seek legal assistance by calling the Legal Aid Society at xxx-xxx-xxxx or Legal Services NYC at xxx-xxx-xxxx. You may also hire your own attorney.

Very truly yours,


[Employee name]

Legal Department

---

[2]This example relates to a non-primary residence proceeding. To be revised to reflect relevant circumstances, for example an illegal sublet or succession issue, and further details, as appropriate.

# EXHIBIT C
## TO PROTOCOLS

# Format for Non-Attendance Letter

**[Name of Landlord]**
[ADDRESS]
[PHONE]
[FAX]

## VIA CERTIFICATE OF MAILING

### NON-ATTENDANCE LETTER
[Date]

[Tenant]
[Address]

Re: [Address]

Dear [Tenant]:

We are the Landlord of the above building. In response to a letter dated [date of letter of concern], in which we notified you that we believe there may be grounds for us to commence a holdover proceeding against you that could result in your eviction, you scheduled an informal meeting with one of our representatives at [time/date of proposed meeting] at [location of proposed meeting]. You did not attend the scheduled meeting, nor did you request a postponement.

If you believe you have a satisfactory explanation for your failure to attend the scheduled meeting, kindly contact [Employee name] at the address above on or before [ten days from date of mailing] and provide an explanation of the circumstances under which you failed to attend the scheduled meeting.

If we believe you have provided a satisfactory explanation for your failure to attend the scheduled meeting, we will reschedule the meeting with you. If we do not believe the explanation is satisfactory, we will send a copy of your letter of explanation to [Name of Claims Administrator], the Claims Administrator who is monitoring certain of the Landlord's practices. The Claims Administrator will review your letter and decide whether you have provided a satisfactory explanation. If the Claims Administrator finds that that your explanation is satisfactory, we will reschedule the meeting with you. If you do not respond to this letter on or before [ten days from date of mailing], or if you do respond but the Claims Administrator determines that you have not provided a satisfactory explanation for your failure to appear at the meeting, we may commence a holdover proceeding against you that could result in your eviction.

Very truly yours,

[Employee name]
Legal Department

# EXHIBIT D
# TO PROTOCOLS

# Task Form

Workflow Task

| New Task |

|                    |                   |            | Search |        | Go |
|--------------------|-------------------|------------|--------|--------|-----|

ID Number

Contact Method      Phone

Contact Name

Contact Phone

Contact Email

Contact Language    Other              Other    Creole (XYZ servi

Subject             Repair

Due Date

Priority            Normal

Item                Repair

Instructions / Notes
Call taken at 3:30 pm, 6/30/2011
Sink is leaking. Fwd to Bronx office (Initials)

WO #12345, 4:30 pm, 6/30/2011; Repair
scheduled, 10 am, 7/1/2011 (Bronx office,
Initials).

Rejection Task

| Save |   | New |   | Close |   | Help |

# PINNACLE GROUP TASK FORM
## (drop-down menu options)

CONTACT METHOD

- Phone
- Email
- Letter

LANGUAGE

- English
- Spanish
- Chinese
- Russian
- Korean
- Other

ITEM

- Balance inquiry
- Lease Question
- Legal
- Repair
- SCRIE/DRIE
- Section 8
- Other

# EXHIBIT D
## TO FORMAL SETTLEMENT AGREEMENT

# NOTICE OF CLAIM

# NOTICE OF CLAIM FORM

## CLASS ACTION SETTLEMENT

In the Matter of *CHARRON, ET AL., V. PINNACLE GROUP NY LLC, ET AL*
United States District Court for the Southern District of New York

## INSTRUCTIONS:

**USE THIS FORM TO FILE A CLAIM TO ASK FOR MONEY DAMAGES AGAINST PINNACLE IF:**

1. YOU WERE A TENANT IN A RENT CONTROLLED OR RENT STABILIZED APARTMENT IN A BUILDING OWNED BY PINNACLE BETWEEN JULY 11, 2004 AND APRIL 27, 2010 AND YOU BELIEVE YOU WERE SUBJECT TO (1) A RENT OVERCHARGE, (2) HARASSMENT,INTIMIDATION, MERITLESS BILLING AND/OR EVICTION PROCEEDING BASED ON ALLEGED NONPAYMENT OF RENT, OR (3) INTERFERENCE WITH YOUR OCCUPANCY RIGHTS THROUGH UNDULY BURDENSOME QUERIES OR LEGAL PROCEEDINGS REGARDING MATTERS SUCH AS SUCCESSION RIGHTS, PRIMARY RESIDENTCE, ROOMMATES AND SUBLETTING, AT ANY TIMEDURING THAT PERIOD. **THIS IS A LIABILITY CLASS CLAIM AND IT MUST BE FILED NO LATER THAN 180 DAYS AFTER THE DATE THE SETTLEMENT BECOMES FINAL, UP TO[DATE].**

*OR*

2. YOU HAVE BEEN A TENANT IN ABUILDING OWNED BY PINNACLE SINCE APRIL 27, 2010 AND YOU BELIEVE THAT PINNACLE HAS VIOLATED ONE OR MORE OF THE PROTOCOLS IMPLEMENTED UNDER THE SETTLEMENT AGREEMENT RELATED TO RENT SETTING, EVICTION PROCEEDINGS AND REPAIRS. **THIS IS AN INJUNCTIVE CLASS CLAIM AND IT MUST BE FILED NO LATER THAN 60 DAYS AFTER THE VIOLATION OCCURS.**

## *IF YOU FAIL TO FILE YOUR CLAIM ON TIME, YOU CANNOT RECEIVE MONEY DAMAGES*

1

*FOR ALL QUESTIONS, CONTACT LEGAL AID OR LEGAL SERVICES BY CALLING 1-888-736-8115 OR BY CONTACTING WWW.RENTLITIGATION.COM PARA UNA COPIA DE ESTE FORMULARIO EN ESPAÑOL, LLAMAR 1-888-736-8115 O ENVIAR UN CORREO ELECTRONICO A WWW.RENTLITIGATION.COM*

# 1:   CLAIMANT INFORMATION

_____   _____

**Last Name of Tenant       First Name                    Middle Initial**
_____

**Current Street Address**

_____   _____

**State                          Zip Code**
(_____) _____   _____

**Home Telephone Number                          email address**

Please provide the address of the Pinnacle building where you lived when the actions on which you base your claim occurred (if different from the above), and the dates during which you lived at that address:

_Address:_

_____

_Dates you lived at that address:_

_____

# 2:   NATURE OF CLAIM

**a)      Type of Claim:**  Please place a check below next to the type of claim for which you are seeking money damages.

### Liability Class Claims:

_____ Rent Overcharge:

_For a claim based on overcharge, please state the rent that you were paying for the period you believe you were overcharged:_ _____

_____ Harassment, Intimidation, Meritless Billings and/or Eviction Proceedings

2

Related to Alleged Nonpayment of Rent

_____ Interference with Occupancy Rights through Unduly Burdensome Queries or Legal Proceedings Regarding Matters Such as Succession Rights, Primary Residence, Roommates and Subletting.

### Injunctive Class Claims:

_____ Protocol Violations

b)   **Statement of Claim:**   Please provide in the space below a brief statement of the reasons that you believe in good faith that you have a valid claim as a result of Pinnacle's conduct.   You are encouraged, but are not required, to include a description of any costs, damages, or losses you have suffered as a result of Pinnacle's conduct.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

3

## C) <u>WAIVER OF FUTURE LITIGATION</u>

By submitting this claim you acknowledge that you cannot sue Defendants, continue to sue, or be part of any other lawsuit against Defendants about the legal issues related to this claim.  All of the decisions of the Claims Administrator will be final and binding.  The full release, to which you are bound under the Settlement Agreement, is described more fully in the Settlement Agreement itself, which describes exactly the legal claims that you give up under the settlement.

Signed: _____     Date:_____

Print Name: _____

4

## 3.   HOW TO SUBMIT YOUR NOTICE OF CLAIM

A.   **Return By Mail:**  You may return this Claim Form BY FIRST CLASS, U.S. MAIL, POSTAGE PAID OR EQUIVALENT, ADDRESSED AS FOLLOWS:

*Charron, et al., v. Pinnacle Group NY LLC, et al.*
Class Action Claims Administrator
c/o **Marilyn Shafer**
**[ADDRESS]**

B.   **Return By Other Means:**  You may return this Claim Form, BY FAXING IT TO: [NUMBER], or BY EMAILING A PDF COPY TO [EMAIL ADDRESS].

C.   BE SURE YOUR CLAIM FORM IS FULLY COMPLETED BEFORE SUBMITTING IT TO THE CLAIMS ADMINISTRATOR.

D.   If you move, it is your responsibility to send the Claims Administrator your new address and contact information to ensure receipt of further notices and any potential settlement payment.

E.   You are encouraged, but are not required, to submit copies of any documents that you believe support your claim for money damages, including receipts or other proof of costs, damages or losses suffered. Please note that, to the extent you do not submit documentation at this time, the Claims Administrator may ask you later to submit any supporting documentation.

F.   IT IS STRONGLY RECOMMENDED THAT YOU OBTAIN PROOF OF TIMELY MAILING OR SUBMISSION OF YOUR CLAIM FORM AND MAINTAIN THAT PROOF UNTIL YOU HAVE BEEN CONTACTED BY THE CLAIMS ADMINISTRATOR REGARDING YOUR CLAIM.

*FOR ALL QUESTIONS, CONTACT LEGAL AID OR LEGAL SERVICES BY CALLING 1-888-736-8115 OR BY CONTACTING WWW.RENTLITIGATION.COM*
*PARA UNA COPIA DE ESTE FORMULARIO EN ESPAÑOL, LLAMAR 1-888-736-8115 O ENVIAR UN CORREO ELECTRONICO A WWW.RENTLITIGATION.COM*

## 4.  WHAT HAPPENS NEXT

When the Claims Administrator receives your claim, she will contact you to (1) provide you with a decision on your claim, (2) request further documentation in support of your claim, or (3) schedule a hearing date at which you will be able to attend and explain why you believe you are entitled to damages.  If you are scheduled for a claims hearing, you may bring an attorney (but you do not have to have an attorney) and you should bring any witnesses, documents or other evidence you want to submit to the Claims Administrator to support your claim.  Pinnacle will have representatives at the hearing to present any arguments or evidence they want to submit in response to your claim.  The Claims Administrator will make a decision based on the claim submitted, the arguments heard, and any documents or evidence presented at the hearing by both sides.  Her decision will be final and neither you nor Pinnacle will be able to appeal.

## REMEMBER:

**FOR LIABILITY CLASS MEMBERS:**  THE **DEADLINE** FOR SUBMITTING THIS CLAIM FORM TO THE CLAIMS ADMINISTRATOR IS 180 DAYS FROM THE DATE THE SETTLEMENT BECOMES FINAL, UP TO **[DATE]**.

**FOR INJUNCTIVE CLASS MEMBERS:**  THE **DEADLINE** FOR SUBMITTING THIS CLAIM FORM TO THE CLAIMS ADMINISTRATOR IS  **60 DAYS** AFTER THE PINNACLE ACTIONS ON WHICH YOU BASE YOUR CLAIM.

*FOR ALL QUESTIONS, CONTACT LEGAL AID OR LEGAL SERVICES BY CALLING 1-888-736-8115 OR BY CONTACTING WWW.RENTLITIGATION.COM*
*PARA UNA COPIA DE ESTE FORMULARIO EN ESPAÑOL, LLAMAR 1-888-736-8115 O ENVIAR UN CORREO ELECTRONICO A WWW.RENTLITIGATION.COM*

EXHIBIT E
TO FORMAL SETTLEMENT
AGREEMENT


# NOTICE OF
# APPROVAL

## NOTICE OF COURT APPROVAL OF PROPOSED SETTLEMENT AGREEMENT AND DEADLINE FOR FILING CLAIM FOR MONEY DAMAGES

### IN THE MATTER OF *CHARRON, ET AL., V. PINNACLE GROUP NY LLC, ET AL*
#### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### YOUR RIGHTS MAY BE AFFECTED.

**This is a court-approved notice of an approved settlement of a class action lawsuit and of the deadline for filing a claim. This is not a solicitation. This notice may affect your rights. PLEASE READ THIS NOTICE CAREFULLY.**

You were previously given notice on or around [DATE], as a current or former tenant of Pinnacle Group NY LLC ("Pinnacle"), that a proposed settlement reached by the parties in a federal class action lawsuit, *Charron, et al., v. Pinnacle Group NY LLC, et al.*, that was pending in the United States District Court for the Southern District of New York ("Court"), Case No. No. 07 Civ. 6316 (CM), might affect your rights. The proposed settlement was approved by the Court on [DATE].

If you are a member of the Liability Class, meaning you lived in a rent controlled or rent stabilized apartment in a Pinnacle building between July 11, 2004 and April 27, 2010, and you did not opt out of the settlement and believe you have a claim against Pinnacle, you now have 180 days from the Court approval date above, until [DATE], to submit a claim to the Claims Administrator, who will determine if you are owed money damages from Pinnacle as a result of Pinnacle's past conduct. You can file a claim if you believe that your landlord (1) overcharged your rent, (2) harassed, intimidated, billed and/or brought an eviction proceeding without merit, based on alleged nonpayment of rent, or (3) interfered with your occupancy rights through unduly burdensome queries or legal proceedings regarding matters such as succession rights, primary residence, roommates and subletting.

In addition, your landlord has agreed to comply with a set of protocols regarding rent setting, eviction proceedings and repairs and you can also file a claim if you believe your landlord violates those protocols, but you must file that claim within 60 days after the violation occurs.

### THE DEADLINE FOR FILING A CLAIM FOR MONEY DAMAGES FOR PINNACLE'S PAST BEHAVIOR IS [DATE]

A COPY OF THE CLAIM FORM WITH DETAILS ON HOW TO SUBMIT YOUR CLAIM FOR MONEY DAMAGES TO THE CLAIMS ADMINISTRATOR IS ATTACHED TO THIS NOTICE.

#### FOR ALL QUESTIONS, CALL LEGAL AID OR LEGAL SERVICES TOLL-FREE AT 1-888-736-8115 OR CONTACT WWW. RENTLITIGATION.COM.
#### PLEASE DO NOT CONTACT YOUR LANDLORD.
#### PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O ENVIAR UN CORREO ELECTRONICO.

# EXHIBIT F
# TO FORMAL SETTLEMENT AGREEMENT

# LETTER OF SETTLEMENT PROTOCOLS

**[Name of Landlord]**
[Address]
[Phone]
[Fax]

## VIA CERTIFICATE OF MAILING

[Date]

[Tenant]
[Address]

Re:  [Address]

Dear [Tenant]:

We are the Landlord of the above building and are writing to inform you that we are currently implementing [have implemented] a set of protocols and practices concerning our interactions with our tenants.  These protocols and practices are meant to cover (1) how initial rents are set and rent increases for rent stabilized and rent controlled apartments are handled, and (2) how a potential legal proceeding will be evaluated before we bring any litigation against a tenant.

With regard to the setting of initial rents or rent increases for rent regulated apartments, tenants may request documentation from us that supports the initial rent or rent increase. We will provide such documentation within fifteen (15) days of a request.  With regard to legal proceedings, tenants will have an opportunity to meet with us in the event that we are considering bringing a holdover proceeding against the tenant that could result in his or her eviction.

We have also established a tenant Helpline to ensure that we promptly address any inquiries and complaints that might affect our tenants, including rental amounts and arrears, repairs and services, occupancy issues, harassment, and the conduct of any of our staff and personnel.  Tenants can contact the Helpline by phone, by calling [NUMBER], by email at [EMAIL ADDRESS], or by regular mail at [MAILING ADDRESS]. Helpline staff will promptly address any tenant inquiries and complaints that are directed to the Helpline.

Very truly yours,

[Employee name]

# EXHIBIT G
# TO FORMAL SETTLEMENT
# AGREEMENT

# STIPULATION

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X      Index No. L&T xxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx ,

                              Petitioner,

        -against-

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx,

                              Respondent.
--------------------------------------------------------------------X

## STIPULATION

    IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as
follows:

    1.  On or about [DATE], the Petitioner commenced this proceeding seeking
[DESCRIPTION OF PROCEEDING TO BE SET FORTH HERE].

    2.  The Respondent was at the time the tenant of record residing at [ADDRESS].

    3.  Based on an independent determination that this proceeding was brought without
merit, the Petitioner hereby withdraws this proceeding with prejudice, consents to the
vacatur of any judgment that was rendered in this proceeding and consents to the dismissal
of the proceeding.

    4.  The Petitioner consents to and requests the immediate deletion or expungement
of any record of this proceeding from the database of any tenant screening bureau or credit
reporting agency.

    5.  The Respondent has waived any and all claims, counterclaims, or causes of
action related to the above referenced independent determination including in regard to this
stipulation, except as to obligations set forth in this stipulation and any rights Respondent

has pursuant to the Formal Settlement Agreement in Charrons v. Pinnacle Group, Inc., No. 1:07-cv-6316-CM, S.D.N.Y.

    6.  This stipulation may be filed with the Court with facsimile signatures.

Dated: xxxxxx, New York
        xxxxxxx         , 201x

_____

xxxxxxxxxxxxxxxxxxx

Attorney for the Petitioner

                                _____

                                  XXXXXXXXXXXXXXXXXXXXXXXXXX

                                  Attorney for the Respondent

So Ordered:

_____

J.H.C.