IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                        )
CHARRON et al.,                         )
                                        )   No. 1:07-cv-6316-CM
              Plaintiffs,               )   (CM) (RLE)
                                        )
                                        )
     v.                                 )
                                        )
PINNACLE GROUP NY LLC and               )
JOEL WIENER,                            )
                                        )
              Defendants.               )
_____)

**DECLARATION OF RICHARD F. LEVY IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEY'S FEES**

I, Richard F. Levy, hereby declare as follows:

I. **Declarant and Class Counsel**

1.      I am a partner at Jenner & Block, LLP ("Jenner" or the "Firm" or "Class Counsel").  By order dated April 27, 2010, (Dkt. 96), this Court appointed Jenner as Class Counsel in the above-captioned case.  The testimony set forth in this Declaration is based on first-hand knowledge, about which I could and would testify competently in open Court if called upon to do so, and on records contemporaneously generated and kept by my Firm in the ordinary course of its law practice.  This Declaration is submitted in support of Class Counsel's Motion for Award of Attorney's Fees.

2.      I have been practicing law for over 50 years and am admitted to the bars of Illinois, California, New York, the Supreme Court of the United States, and numerous federal appellate, district, and bankruptcy courts.

3.      I have argued and tried numerous cases as lead counsel in the United States Courts of Appeals for the Second, Fifth, Seventh, and Eighth U.S. Circuit Courts

of Appeal.  I have also argued significant matters in state and federal trial courts, as well as bankruptcy courts, across the country in cities such as Baltimore, Boston, Chicago, Denver, Grand Rapids, Houston, Las Vegas, Los Angeles, Miami, Minneapolis, New Orleans, New York, Phoenix, San Bernardino, San Diego, and San Francisco.  In addition, I argued before the United States Supreme Court in *Radiant Burners v. Peoples Gas, Light & Coke Company*, 364 U.S. 656 (1961).

   4. I have extensive legal experience and have focused my practice in the last fifty years on complex litigation, class actions, corporate reorganization, debt restructuring, commercial and bankruptcy litigation, bank regulation, and corporate transactions and governance.

   5. The other Jenner attorneys who were principally involved in this litigation likewise have substantial experience in complex federal litigation and class action litigation.

## II. Settlement of This Litigation

   6. On August 8, 2011, Class Counsel, acting on behalf of the Liability Class and the Injunctive Class Plaintiffs, entered into a Settlement Agreement with Defendants to resolve all issues raised by the Second Amended Complaint filed in *Charrons et al. v. Pinnacle Group NY LLC, et al,* 07-6316 ("the Action") and to ensure future relief for approximately 22,000 present and former rent stabilized and rent controlled tenants who are or were tenants in 374 or more Pinnacle-owned or controlled apartment buildings between July 2004 and April 29, 2010 (the Class Period).  The Settlement Agreement provides class members with:

   Substantial future benefits to present and future tenants;

>A swift and efficient process for recovery of damages for Class Members injured by Defendants' conduct – with *no overall cap on Defendants' aggregate liability to individual Class members;* and

>$2.5 million, which Defendants will provide to legal aid and community groups for tenant assistance and outreach.

(A copy of the Proposed Settlement is included as Exhibit A to Plaintiff's August 11, 2011 Motion for Preliminary Approval of the Settlement Agreement, Dkt. 126).

7. On August 17, 2011, this Court granted Plaintiffs' Motion for Preliminary Approval of the Settlement. By order dated December 16, 2011, Magistrate Judge Ellis approved the Revised Notices in English and Spanish to be sent to Class Members, and set April 12, 2012 for a rescheduled Fairness Hearing and final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(C).

### III.  Request for Award of Attorney's Fees

8. To ensure that the most immediate economic benefits are directed to Class Members and tenant assistance organizations, Class Counsel has voluntarily agreed to limit its requested fees to an amount significantly below the amount authorized by New York law.

9. Class Counsel seeks reimbursement of $200,000 in out-of-pocket costs (which Defendants have agreed to pay) and, if awarded by the Court, $1.25 million for legal fees.

### IV.  The Efforts of Class Counsel

10. The benefits created by this Settlement are the product of extensive efforts by Class Counsel spanning six years. These efforts are as yet wholly uncompensated. Counsel agreed to represent the class on terms under which its right to compensation and the amount of compensation were entirely dependent upon the outcome of the litigation

3

and on the extent of any success achieved.  As a consequence, Class Counsel has yet to receive any payment for their time and only limited reimbursement of the considerable litigation expenses they advanced on behalf of the class.[1]

        11.       The description of the legal services provided by Class Counsel attorneys as set forth in the Memorandum of Law In Support of Motion For An Award of Attorney's Fees and Expenses is, to my personal knowledge, accurate.  As noted there, the services included: (a) investigation and pre-filing services involving contacts, collecting information and documents from hundreds of tenants, and meetings with the New York Attorney General and the New York District Attorney; (b) extensive motion practice, including the successful defense of three potentially dispositive motions and a number of controversial motions presented by letters to and ruled upon by Endorsed Memorandum Orders; (c) successful settlement discussion with Defendants and members of the class, and mediation conducted by Magistrate Judge Ellis; and (d) post-settlement efforts relating to notice of and advocacy for final approval of the Settlement.

## V.    Records of Time Spent

        12.       The records pertaining to the hours and expenses invested in this case by Class Counsel are voluminous and reflect confidential information and privileged work product.  Therefore, rather than attach to this petition the detailed daily time and expense records, we summarize these records here.  We are prepared to submit the full records to the Court for *in camera* inspection at its request.

---

[1] The total litigation expenses advanced and to be advanced by Class Counsel presently total more than $351,275.  Defendants reimbursed $80,000 in 2009 in connection with individual settlements (before class certification) with four putative plaintiffs.  *See* Exhibit B for a detailed list of expenses incurred by Class Counsel to date.

13. Throughout the time Jenner worked on this matter, our timekeepers have been required to keep daily time records that reflect the amount of time spent on this matter each day, along with a description of the tasks performed. These records are entered into a computer database, checked, and maintained in computer-readable format.

14. Between June 2006, when Jenner began its investigation of Defendants' conduct, through February 29, 2012, Class Counsel provided 9,796 hours of service preparing and prosecuting this case. This amounts to $4,896,712.50 in fees at regular rates in effect at the time the legal work was performed.[2] This amount would be considerably larger if the total was calculated (1) at current rates, or (2) with interest added from the date the work was done. *See* Supplemental Memorandum of Law In Support of Motion For An Award of Attorney's Fees and Expenses at page 7.

15. These hours were actually expended, in the exercise of professional judgment, by the lawyers, paralegal staff, and clerks involved in this matter. Class Counsel normally charges for the services of its attorneys, paralegal staff, and law clerks on the basis of hourly rates. The calculation is made based upon reasonable hourly rates for all attorneys and staff. The current hourly rates for Jenner attorneys and staff who worked on this matter range from $200 to $1085. These hourly rates are consistent with the usual and customary hourly rates for the Firm's work performed for non-contingency fee clients, and these rates have been paid by Class Counsel's commercial clients. Class Counsel's ordinary rates are in line with those of lawyers practicing in the Southern District of New York, and where Class Counsel relied on its attorneys from its offices in

---

[2] This amount includes 374.50 hours billed by attorneys and paralegal staff who spent fewer than twenty hours on this case and represents $112,057.50 at their regular rates. If these persons were excluded, the total charged would be reduced by less than 3% of the total value at regular rates.

5

Chicago, Illinois, and Washington D.C., lower rates generally prevailed.  Exhibit A identifies individuals who recorded over 20 hours of time to this matter and the hours they expended.

16.  Class Counsel's figures are based upon the Firm's billing rates, which do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in the Firm's billing rates.

17.  The expenses incurred in this action are reflected in Jenner's expense records.  These records are prepared from expense vouchers, check records and other source materials, and are an accurate record of the expenses incurred.

18.  On behalf of the class, Class Counsel has incurred a total of $271,275.24 in unreimbursed expenses in connection with the prosecution of this litigation through February 29, 2012.[3]  Such expenses consist primarily of travel for depositions and client meetings, court reporting costs, and consultant fees paid to Andrew Scherer, an expert on New York landlord-tenant law.  These expenses were reasonably and necessarily incurred through under the circumstances of this litigation.  Exhibit B provides a summary of the expenses incurred in furtherance of this case.

19.  Seeking final approval of the settlement will require substantial additional time and expenses.

(continued on next page)

---

[3]  *See supra* note 1.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this Declaration was prepared in the State of New York on March 16, 2012.

                                                              Richard F. Levy

**Attachments:**

**Exhibit A** – Chart of hours, billing rate, and fees by attorney/paralegal

**Exhibit B** – Chart of expenses, broken down by firm billing code or expense type