USDS SDN
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CHARRON, et al.,

                              Plaintiffs,                           07 Civ. 6316 (CM)

              -against-

PINNACLE GROUP NY LLC and JOEL
WEINER,

                              Defendants.

----------------------------------------------------------x

## ORDER REQUESTING ANSWERS TO CERTAIN QUESTIONS RAISED BY THE OBJECTIONS

McMahon, J.:

I would like to hear from the lawyers on the following issues before I issue any decision on whether to approve the settlement agreement. I am not interested in a rehash of the arguments in the briefs. I want concise answers to the following questions only:

1.      If this action were brought as a class action today, it is highly likely that no class would be certified, in light of the Supreme Court's recent decision in Dukes v. Wal-Mart, 131 S.Ct. 2541 (2011). The individual tenants' claims cannot be resolved with class-wide proof (which did not previously bar at least partial certification in this Circuit, see In re Visa Check/MasterMoney Antitrust Litigation, 280 F.3d 124 (2d Cir. 2001), but which may now), and as Pinnacle may find itself bound by an adjudication on the RICO claim in an action brought by individuals in an individual capacity, a class action may well not be the most efficient way to adjudicate even the common issue here, which is whether the Pinnacle Group operated as a racketeering enterprise.

So what impact, if any, does Dukes and the spectre of decertification if the settlement is not approved have on the settlement of this action? Put slightly differently, if this action would now not be certified, are there additional considerations that I need to take into account, over and above the Grinnell factors, before I can approve the settlement – specifically, factors that would favor individual adjudication of individual disputes, including the fear of compromising claims of individual tenants and former tenants? If I can stand Amchem on its head for a moment, can/must we take into account the spectre of decertification when evaluating the adequacy and fairness of the settlement?

2.      (a) I was quite specific when I certified the class that the common issue to be decided was a pattern of racketeering – not rent claims – but the settlement reached by the parties includes a mechanism for adjudicating rent claims outside of the normal DHCR process. Does it somehow offend New York public policy to provide for an alternative mechanism to resolve rent claims outside the usual administrative/judicial process for which New York law provides?

1

      (b) Does the answer change if the alternative mechanism does not provide for damages that are equivalent to the damages that would be recoverable under New York's process – in this case, your settlement provides for double damages, while the state administrative/judicial process provides for treble damages?

      (c) What about statute of limitations?  How does the Claims Administration 2004 cut-off compare to what would be available under State law?

3.     Now I would like to explore whether the alternative mechanism for which your settlement provides actually does what you say it does, which is offer tenants and former tenants who believe they were overcharged rent an alternative forum for recovering the without in any way extinguishing their rights under New York law. I need to figure out whether there presently exist legally viable rent claims that, under this settlement, can neither go through the DHCR and state court process nor can be adjudicated by the Claims Administrator – but they will be extinguished by the settlement.  Do any members of the certified class hold rent claims that will be extinguished in the settlement but who can't go through either process to press their rents claims? If so, aren't there some class members who have not opted out who are giving up rent claims without getting anything at all – which would create an irreconcilable conflict between them and the rest of the class? I am going to ask this in the context of a number of hypothetical tenants. For each tenant, you need to answer a set of questions:

      (a) TENANT 1 has been a tenant in a Pinnacle owned building since 2001. Throughout that period, a Pinnacle entity has owned the building; there is no prior ownership issue. Pinnacle has set rents throughout the period of tenancy – both before the commencement of the class period and throughout the class period – at rates that are illegally high, or so the tenant claims. Because each new rent increase is predicated on the pre-existing rent, both the rents set prior to the class period and the rents set during the class period are "based" on pre-2004 rents.

- Does TENANT 1 bring rent claims through the Claims Process or in court? In other words, are these Excluded Claims, or extinguished claims?
- What settlement language answers this question, and how?  Is there some possibility that TENANT 1 has to go to two places to pursue his entire rent claim?
- Assuming TENANT 1 brings a claim through existing state law mechanisms. What defenses, if any, to all or any portion of TENANT 1's rent claim can Pinnacle assert BY VIRTUE OF THE SETTLEMENT? What defenses is Pinnacle forbidden to assert?
- Is TENANT 1 foreclosed by the settlement from bringing any rent claim in any forum for any year?  Is there a portion of TENANT 1's claims that cannot be brought in either forum?

- If all or part of TENANT 1's claim is extinguished – i.e., cannot be brought in either forum – how does the settlement compensate TENANT 1 for the loss of that claim?

(b) TENANT 2 has lived in a building since 2001. The building was owned by Prior Owner LLC until Pinnacle bought it in 2006. Assume Prior Owner is judgment proof. TENANT 2 alleges that the rents set by Prior Owner were illegal in 2001, 2002, 2003, 2004, and 2005; and that the rents Pinnacle set on their basis were also illegal in 2006, 2007, 2008, 2009 and 2010. Same questions:

- Does TENANT 2 bring rent claims through the Claims Process or in court? In other words, are these Excluded Claims, or extinguished claims?
- What settlement language answers this question, and how? Is there some possibility that TENANT 2 has to go to two places to pursue his entire rent claim?
- Assuming TENANT 2 brings a claim through existing state law mechanisms. What defenses, if any, to all or any portion of TENANT 2's rent claim can Pinnacle assert BY VIRTUE OF THE SETTLEMENT? What defenses is Pinnacle forbidden to assert?
- Is TENANT 2 foreclosed by the settlement from bringing any rent claim in any forum for any year?  Is there a portion of TENANT 2's claims that cannot be brought in either forum?
- If all or part of TENANT 2's claim is extinguished – i.e., cannot be brought in either forum – how does the settlement compensate TENANT 2 for the loss of that claim?

(c) TENANT 3 has lived in a Pinnacle building since 2005, and still does. He alleges that his 2005 rent was illegally set by Pinnacle; assume there are no defenses in the Claims Administration process based on acts pre-2004 or taken by a prior owner.  TENANT 3 also claims that every rent since, based on the 2005 rent, has also been illegal, including rents AFTER the class period, in 2011.

- TENANT 3 brings his rent claims through the Claims Process. But is there some possibility that TENANT 3 has to go to two places to pursue his entire rent claim?
- Assuming TENANT 3 brings his 2011 rent claim through existing state law mechanisms. What defenses, if any, to all or any portion of TENANT 3's rent claim can Pinnacle assert BY VIRTUE OF THE SETTLEMENT? What defenses is Pinnacle forbidden to assert?

3

- Is TENANT 3 foreclosed by the settlement from bringing any rent claim in any forum for any year? Is there a portion of TENANT 3's claims that cannot be brought in either forum?
- If all or part of TENANT 3's claim is extinguished – i.e., cannot be brought in either forum – how does the settlement compensate TENANT 3 for the loss of that claim?

If you can think of another "Tenant profile" that illustrates some point you wish to make, please use this template. I find it helpful to think about groups of tenants this way. I am trying to tease out both (1) whether some *class members* (not non-class members, whose rights are not affected by this settlement) are made worse off by the settlement than would otherwise be the case, and (2) whether there are conflicting subgroups of class members (again, I have no interest in non-members of the class).

Dated: April 12, 2012

*[signature]*

_____

U.S.D.J.

[BY HAND AND BY ECF TO ALL PARTIES]

4