IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHARRON et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:07-cv-6316-CM (CM) (RLE) |
| v. | ) ) ) | SDN CUMENT |
| PINNACLE GROUP NY LLC and JOEL WIENER, | ) ) ) ) | CTRONIC OC #: ___ |
| Defendants. | ) ) | DATE FILE  6/15/12 |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter was heard on April 12, 2012 ("Fairness Hearing") following due and appropriate notice, on the motion of Class Counsel for final approval of a settlement ("Settlement" or "Settlement Agreement"), as amended by a Rider and Second Rider (Dkts. 126-1, 129, and 153) entered into between Class Counsel, on behalf of the liability and injunctive classes certified by the Court, and Defendants. On June 6, 2012, following consideration of all matters submitted to the Court prior to and at the Fairness Hearing and additional filings (Dkts. 199, 200) made at the Court's request following that hearing (Dkt. 198), the Court entered a Decision and Order Granting Final Approval of the Settlement (Dkt. 203, "Final Approval Decision and Order").

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order and Final Judgment hereby incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

3. The Court hereby determines that the mailing, publishing and posting of the Notice to Class Members constituted the best method of notice practicable under the circumstances, that the notice adequately advised Class Members of the terms of the Settlement, and of their right to opt out and the method and deadlines for doing so, and of their right, if they did not opt out, to object to the Settlement, and that a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Settlement. Accordingly, the Court determines that the Notice constitutes due and sufficient notice to all persons entitled thereto, and satisfies the requirements of the Orders of this Court, Rule 23 of the Federal Rules of Civil Procedure, and Constitutional due process.

4. The Final Approval Decision and Order reports at page 52 that the Settlement at Paragraph 55, "charges the New York Bar Foundation with overseeing the legal service organizations to 'ensure that the funds are used solely for the [Settlement's] purpose' and *to report to the Court regarding Pinnacle's compliance.*" (Emphasis added.) In fact, the Settlement Agreement does not require the New York Bar Foundation to *"report to the Court regarding Pinnacle's compliance"* – its duties are limited to reporting "to the Court and Counsel for the Parties detailing the amounts that have been distributed and the manner in which the above-allocated funds are spent, including numbers of clients served and nature of services performed."

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby grants final approval of the Settlement and finds it to be fair, reasonable and adequate, as set forth in the Final Approval Decision and Order and in Paragraph 4 immediately above, and finds

that the Settlement is, in all respects, in the best interests of the Class Members. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement, as set forth in the Final Approval Decision and Order and in Paragraph 4, immediately above.

6. The Court approves the elections to exclude themselves from the Settlement ("Opt Outs") of the class members whose names are set forth on Exhibit A hereto.

7. Accordingly, it is hereby ordered and determined that each member of the Injunctive Class and each member of the Liability Class (except those who filed timely elections to opt out and whose names appear on Exhibit A hereto), are bound by the Agreement and this Order and Final Judgment, thereby waiving, releasing and discharging all "Released Claims" against the "Released Parties," as those terms are defined in Paragraphs 72 and 73 of the Settlement Agreement, as amended by Riders One and Two to the Settlement Agreement (Dkts. 126-1, 129, and 153).

8. All claims in this Action against Defendants, are hereby dismissed on the merits and with prejudice, and all Members of Plaintiff Classes (except those who have filed timely Opt Outs and whose names appear on Exhibit A hereto), and all persons purporting to act in the name or on behalf of such members (the "Releasing Parties"), are hereby permanently enjoined from commencing, prosecuting or continuing any and all of the Released Claims except as provided in Paragraphs 72 and 73 of the Settlement Agreement, as amended by Riders One and Two to the Settlement Agreement (Dkts. 126-1, 129, and 153).

9. The Court further finds that the Settlement Agreement was entered into in good faith, and is not a result of collusion, fraud, or tortious conduct by any party.

10. The Court hereby awards attorneys' fees to Class Counsel of $1.25 million and up to $200,000 to reimburse Class Counsel for documented out of pocket expenses directly related to this litigation.

11. Pursuant to Section XI of the Settlement Agreement, the Court hereby enters an injunction requiring that Defendants comply with the terms of the Agreement, which injunction shall remain in force for two years, subject to the following limitations:

   a. Remedy. No Class Member may seek to enforce the injunction other than through Counsel for Plaintiff Classes, who may only seek enforcement through the procedures stated herein.

   b. Enforcement. If Counsel for Plaintiff Classes believes that Pinnacle and the Defendants[1] have demonstrated a pattern of conduct that fails to comply materially with the terms of the Agreement (the "noncompliance"), Counsel for Plaintiff Classes shall give written notice by certified mail, or other form of delivery generating a receipt, to Pinnacle and the Defendants and Counsel for Defendants setting forth in detail the facts constituting the alleged pattern of material noncompliance. Pinnacle and the Defendants shall then have reasonable time within which to demonstrate that they are in compliance or to cure the alleged noncompliance. Thereafter, if Counsel for Plaintiff Classes believes in good faith that the noncompliance is continuing, Counsel for Plaintiff Classes may apply to have the Claims Administrator fashion such remedies as she deems appropriate to ensure that Pinnacle and the Defendants comply with the injunction. Upon application to the Claims Administrator for remedies for

---

[1] The language "Pinnacle and the Defendants" comes from the Settlement Agreement and is understood to be synonymous with the term "Defendants," as used in this Order and in other filings in this case.

noncompliance, allegations of noncompliance will be presumed to be willful. Pinnacle and the Defendants shall be given reasonable notice and an opportunity to be heard by the Claims Administrator on such application to demonstrate that it is in compliance, that the alleged noncompliance is not willful, or that the time provided within which to cure was unreasonable. If, upon consideration of these matters, the Claims Administrator finds that Pinnacle and the Defendants have demonstrated a pattern of conduct that fails to comply materially with the terms of this Agreement, the Claims Administrator will have authority to fashion such remedies as she deems appropriate to ensure that Pinnacle and the Defendants comply with the injunction. Counsel for Plaintiff Classes may only apply to the Court to enforce the injunction and for such other relief as the Court may deem appropriate if the Claims Administrator certifies that her remedies are ineffective at enforcing the injunction.

12. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, for the enforcement of the injunction described in Paragraph 11 of this Order and Final Judgment, and to resolve all other issues related to the administration of and compliance with the Settlement Agreement.

13. This is a final, appealable order. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:   New York, New York
         15 June, 2012

_____
Honorable Colleen McMahon
United States District Judge